Battle, J.
 

 This case comes directly within the principles decided by this Court in the cases of
 
 Drake
 
 v.
 
 Drake,
 
 4 Dev. Rep. 110, and
 
 Perry
 
 v.
 
 Newsom,
 
 1 Ired. Eq. Rep. 28, and must be governed by them. These principles are, that private acts of the Legislature are in the nature of assurances at the common law, and that, therefore, their operation is meant to depend on the consent of those persons who are in
 
 esse,
 
 and whose estates are the subjects of the acts. Hence, where no person is mentioned in an act of legitimation of a bastard as his father, and there is no declaration as to whom he shall be legitimate, the act will be entirely inoperative in giving him a capacity to take property by descent, or by succession
 
 ab intes-iato.
 
 But if he be declared to be the son of a particular person, lie may take from hirp, and from him only, as the heir or next of kin. Bpon the authority of these decisions, we should hold that George P. Lee, the father of the plaintiffs, might have taken property by descent or distribution, from his father, John Lee,’ under the first section of the private act in question. The second section gave him no greater capacity, but on the contrary, by declaring to whom he should be rendered legitimate and made an heir, it, by strong implication, excludes him from being a lawful heir to, or taking property, either real or personal, from any other person. The judg
 
 *316
 
 ment of the Court below was, therefore, right, and must be affirmed.
 

 Pee Curiam, Judgment affirmed.