THE STATE v. JOHNSON ADAMS and HAGAR REEVES.

It is not *fornication and adultery* where persons, who were formerly slaves, were married during the existence of slavery according to the forms then prevailing, and after their emancipation continued to cohabit together in the relation of husband and wife.

The act of 1865–'66, chap. 40, sec. 5, requiring such parties to go before the County Court Clerk, or a Justice of the Peace, and to acknowledge the fact of such cohabitation and the time of its commencement, makes it a *misdemeanor only* for failure to perform these duties.

Indictment for fornication and adultery tried before *Cloud*, *J.*, at Spring Term, 1871, of SURRY Superior Court.

The jury found a special verdict that the defendants were formerly slaves and were married in 1864, according to the custom which then prevailed among slaves, and from that time commenced cohabiting together, passing, and recognizing each other as man and wife, which continued up to the finding of

this indictment. They further find that defendants have never complied with the provisions of the acts of assembly of March 10th, 1866, and March 4th, 1867.

His Honor, upon the foregoing verdict gave judgment for the defendants from which the Solicitor for the State appealed.

*Attorney General,* for the State.
—————, for defendants.

BOYDEN, J. The act of 1866, ch. 40, sec. 5, enacts: "That in all cases where men and women, both, or one of whom were lately slaves, and are now emancipated, now cohabit together in the relation of husband and wife, the parties shall be deemed to have been lawfully married, as man and wife, at the time of the commencement of such cohabitation, although they may not have been married in due form of law."

This act, to all intents and purposes, rendered the parties thus cohabiting, man and wife, and devolved upon each of the parties the duties and responsibilities of the marriage state. It is true, that this same 5th section also imposes upon all persons, whose cohabitation has been thus ratified into a state of marriage, "the *duty of going* before the Clerk of the Court of Pleas and Quarter Session, at his office, or before some Justice of the Peace, and to acknowledge the fact of such cohabitation, and the time of its commencement," and a failure to perform this duty, is made an indictable misdemeanor; but the failure to perform this duty cannot avoid the marriage thus ratified by the act of 1866.

There is no error.

PER CURIAM.                              Judgment affirmed.