JOSHUA TUCKER et al. v. J. D. BELLAMY, Jr.

*Descent—Estate—Parent and Child.*

1. The statute, *The Code*, §1281, legitimating the children of colored parents living together as man and wife, who were born before 1868, and conferring upon such children the rights of heirs and distributees of such parents, does not extend beyond those persons occupying the relation of parent and child.

2. Therefore, where one who had been a slave, died in 1880, seized of lands, without issue, but leaving surviving her the children of a brother who died in 1860, a slave ; *Held*, that they were incapable of taking the lands by descent.

Issues joined in a special proceeding, tried before *Philips, Judge*, at September Term, 1887, of the Superior Court of NEW HANOVER county.

The plaintiffs allege in their petition that they and the defendant are the owners as tenants in common of a certain lot of land therein described, they being the owners of one half thereof and the defendant the owner of the other half, and they demand judgment that partition thereof be made, &c. The defendant in his answer denies the allegations of the petitioner and alleges that he is the sole owner of the land, &c.

On the trial of the issues raised by the pleadings the jury rendered a special verdict from which, among other things, it appears:

"That Clara McKoy owned, in the city of Wilmington, the east half of lot No. 4, block 280, having been conveyed to Martha Strudwick, in trust for her, by deed properly proved and registered in the years 1852 and 1858 respectively; that Clara McKoy, Henry Tucker, and Joshua Tucker (father of plaintiffs), were all slaves by birth, born of the same slave mother; that Clara McKoy died in the year

1880, intestate, leaving her surviving no issue or children, but a husband, to whom she was lawfully married, to-wit: one Levi McKoy, and she still owning said lot; that Joshua Tucker died prior to the year 1860, but left him surviving the plaintiffs, who were also born slaves, his children ; that Henry Tucker was living at the death of Clara, and is still living; plaintiffs claim one half undivided interest in said lots as heirs at law of Joshua Tucker; defendant is in possession exclusively of the premises, and claims title by deed in fee simple from said Levi McKoy in 1853, and from the said Henry Tucker in 1887 ; defendant denies plaintiffs' claim; both Clara and her husband were emancipated prior to the year 1860."

Upon these facts the Court "adjudged and decreed, that the plaintiffs are the owners in fee of one half as tenants in common with the defendant, the other half owner of the lot described in the petition as the eastern half of lot No. 4."

And the defendant having excepted, appealed.

No counsel, for the plaintiffs.
*Messrs. M. Bellamy* and *J. D. Bellamy*, for the defendant.

MERRIMON, J., (after stating the case). While negro slavery prevailed in this State, the laws regulating the descent of estates of inheritance did not apply to slaves. There were no marriages among them recognized by law, and they could neither own nor inherit property. After they were emancipated—became freedmen—it was practically impossible to trace their relationships by blood while they were slaves, with any tolerable degree of certainty. The confused condition of their family ties and relationships, and their circumstances as slaves, rendered it necessary to prescribe by statute who should be the heir at law, and from whom he might inherit. As to slaves living together as man and wife before they were freed, and children of them born be-

fore that time, hence the statute (*The Code*, §1281), which provides that "The children of colored parents, born at any time before the first day of January, one thousand eight hundred and sixty-eight, of persons living together as man and wife, are hereby declared legitimate children of such parents, or either one of them, with all the rights of heirs at law and next of kin with respect to the estate or estates of any such parents, or either one of them."

It will be observed, that this provision does not extend beyond parents and children, and the estates of such parents, and particularly for the present purpose, that it does not provide that persons so born before the time specified, can inherit from collateral kindred, such as uncles and aunts.

Now, the ancestor of the plaintiff died in 1860, and they were born prior to that time, and all were slaves. They could not at the father's death, nor while they were slaves, inherit from him or any person, and there is no statute that enables them to inherit from their deceased aunt, who was a slave. They had no such legal *status* in connection with Clara McKoy as their aunt as enabled them to inherit from her in the absence of statutory provision.

The Court therefore erred in holding that the plaintiffs were tenants in common with the defendant of the land mentioned. The judgment must be reversed, and the proceeding dismissed.

Reversed.