JAMES JONES et al. v. SAMUEL HOGGARD et al.

*Descent—Husband and Wife—Statute.*

A man and woman, both slaves, cohabited as husband and wife for
    several years but separated prior to emancipation. Several chil-
    dren were born while this relation existed. After the separation
    the woman entered into a similar relation with another slave,
    which continued until after the end of the war, when the parties
    duly acknowledged and had recorded the fact of cohabitation as
    provided by chapter 40, Laws 1865–'6. Two children were born
    of this union before 1866, one of whom died after his parents,
    unmarried and intestate. The father died in 1873 seized of lands,
    and the mother in 1876 also seized of other lands: *Held.* (1) that
    by virtue of the Act of 1866, the children of the last union were
    legitimate and inherited the lands of which their father died
    seized ; (2) that they also inherited the lands of which their mother
    died seized, to the exclusion of her children born of the first
    union ; (3) upon the death of one of the legitimate children, his
    estate descended to the other as his next collateral relation ; (4)
    the statute 1879, *The Code*, § 1281, Rule 13, operated only prospec-
    tively and could not divest any estate theretofore acquired.
    *Tucker* v. *Bellamy*, 98 N. C., 33, approved.

ACTION to recover land tried at May Term, 1890, of BERTIE Superior Court, before *Armfield, J.*

The facts agreed upon were as follows:

1 Some years prior to the war, Stephen Ruffin and Sylvia Ruffin, a slave man and woman, cohabited together as man and wife, and the plaintiffs Martha and Kate Jones, Edmund and Stephen Pugh, and Lucy Watson, and the defendant Margaret Sanderlin, were born during the cohabitation; and after the birth of the youngest of these children the cohabitation ceased by the voluntary moving away of one of the parties and was never resumed.

2. After said separation, and prior to the war, the said Sylvia contracted the relation of man and wife with one Alonzo Hoggard, a slave man, and this relation continued until the death of Alonzo Hoggard, Sr., in 1873. Of this cohabitation, and before 1866, two children were born, Samuel S. Hoggard, one of the defendants, and Alonzo Hoggard, Jr., who died before the commencement of this action.

3. Immediately after the passage of the Act of March 10th, 1866, chapter 40, " Alonzo Hoggard, Sr., and Sylvia, in strict compliance with the act, and being then persons within its meaning, made all of the acknowledgments required by the act, and went before the officer therein designated and acknowledged the fact of this cohabitation and the time of its commencement, which was recorded in a book kept for that purpose."

4. Alonzo, senior, died in 1873 seized and possessed of the property mentioned, and leaving Samuel S. Hoggard and Alonzo, junior, his only heirs at law.

5. Sylvia Hoggard died in 1876, seized and possessed of the Bryan warehouse, and leaving surviving her children born of Stephen Ruffin, and Samuel S. Hoggard and Alonzo, Jr., children of Alonzo, Sr.

6. Alonzo Hoggard, Jr., died unmarried, without issue, and intestate. No date is given.

7. Samuel S. Hoggard has been for ten years in the sole and exclusive possession of both lots, and refuses to allow the plaintiff to occupy or enjoy any part of the same.

Upon these facts the plaintiffs ask to be let into possession as co tenants in common with the defendants, which defendant Samuel S. Hoggard resists, claiming sole seizin in himself of said lots.

The Court being of opinion that the plaintiffs were not entitled to share in the estate of Alonzo Hoggard, Sr., nor of Sylvia Hoggard, so adjudged, and the plaintiffs appealed; but being of opinion that they were entitled to share in the estate of Alonzo Hoggard, Jr., so adjudged, and the defendants appealed.

*Mr. R. B. Peebles,* for plaintiffs.
*Mr. F. D. Winston,* for defendants.

### PLAINTIFFS' APPEAL.

CLARK, J.: Alonzo Hoggard, Sr., and Sylvia came within the provisions of chapter 40, Acts 1866, as they were then cohabiting together as man and wife, and continued to do so after the passage of the act. Their children Samuel S. Hoggard and Alonzo Hoggard, Jr, were legitimate by virtue of that statute, and could inherit from their parents and from one another. *State* v. *Harris,* 63 N. C., 1; *State* v. *Adams,* 65 N. C., 537; *State* v. *Whitford,* 86 N. C., 636; *Long* v. *Barnes,* 87 N. C., 329.

When Alonzo Hoggard, Sr., died in 1873, his real estate descended to them, as did also the real estate of Sylvia when she died in 1876. At that date they were her sole legitimate children. The inheritance then vested in them could not be divested by the subsequent Act of 1879 (now *The Code,* § 1281, Rule 13). The contention of the plaintiffs, that the Act of 1879 was retroactive and entitled them to share in their

mother's estate, was properly overruled. The act could be prospective and "operative in the future only." *Woodard* v. *Blue*, 103 N. C., 109.

DEFENDANTS' APPEAL.

Alonzo Hoggard, Jr., having died intestate and without lineal descendants, the real estate inherited by him from his father descended to his brother, Samuel S. Hoggard, who was his next collateral relation capable of inheriting, of the blood his father. *The Code*, § 1281, Rule 4; *Bell* v. *Dozier*, 1 Dev., 333; *McMichal* v. *Moore*, 3 Jones' Eq., 471. As to the real estate descended to said Alonzo Hoggard, Jr., from his mother, if his death occurred prior to the Act of 1879 (*The Code*, § 1281, Rule 13), the plaintiffs were then still illegitimate, and being incapable of inheriting collaterally (*The Code*, § 1281, Rule 9), the estate passed solely to the defendant Samuel S. Hoggard. The burden was on the plaintiffs to show that the death of Alonzo Hoggard, Jr., took place subsequent to the Act of 1879. The complaint alleges his death in 1882. This is denied in the answer. The "facts agreed" are silent on this point, except what may be inferred from the statement that the defendant Samuel S. Hoggard, when the case agreed was signed (in 1890) had been in possession of all the real estate left by Alonzo Hoggard, Jr., for ten years. Conceding, however, for the argument, that Alonzo Hoggard, Jr., died since the Act of 1879, it does not support the plaintiffs' contention. That act (*The Code*, § 1281, Rule 13) provides: "The children of colored parents, born any time prior to January 1, 1868, of persons living together as man and wife, are hereby declared legitimate children of such parents, or either one of them, with all the rights of heirs at law and next of kin *with respect to the estate or estates of any such parents or either one of them.*" The right of inheriting thus conferred "does not extend beyond parents and children and

the estates of such parents" (*Tucker* v. *Bellamy*, 98 N. C., 33), and the parents' inheritance cast upon the defendant and his brother could not be divested by the subsequent act. Upon the facts agreed, the plaintiffs and the defendant Margaret Sanderlin, were entitled to share in no part of the estate of their mother Sylvia, nor in the estate of Alonzo Hoggard, Jr.

Error.