SHEPHERD v. CARLIN.

(*Jackson.* May 8, 1897.)

DESCENT AND DISTRIBUTION. *By and among negroes.*

The right of direct inheritance from the parents only, and not the right of collateral inheritance, is conferred by Acts 1865–6, Ch. 40, providing that all free persons of color living together as husband and wife in this State, while in a state of slavery, are declared man and wife, and their children legitimately entitled to an inheritance in any property previously or subsequently acquired "by said parents."

Code construed: §§ 4179, 4198 (S.); §§ 3285, 3303 (M. & V.); §§ 2435*a*, 2447*a* (T. & S.).

Cases cited and approved: 98 N. C., 31; 108 N. C., 178; 16 S. Rep., 783.

FROM SHELBY.

Appeal from Chancery Court of Shelby County. STERLING PIERSON, Ch.

SMITH & TREZEVANT for Shepherd.

WM. M. RANDOLPH & SONS for Carlin.

WILKES, J. This is a bill claiming title to a house and lot on Railroad Avenue, and to have a cloud removed from it. Complainant, Susan, claims by inheritance from her uncle, James Carr, and her aunt, Agnes Lee, both of whom died without issue and

Shepherd *v.* Carlin.

intestate. Defendant, Carlin, claims under deed from Anthony Lee, who was the surviving husband of Agnes Lee, and claimed the property as the heir of his wife, on the theory that she had no other heirs capable of inheriting. This deed is asked to be canceled as a cloud on complainants' title. The lot is a part of the John Rice grant acquired by Amos Woodruff, who, in 1872, conveyed to Thomas Wright. He devised it to his mother, Chaney Carr, another sister of Susan's father, who devised it to Agnes and James. James died, and it is insisted that one-half his estate went to Agnes, and the other to Susan, and, on the death of Agnes, the whole vested in Susan. The defense is that Susan was illegitimate; that her ancestors were slaves, and had no transmissible, and she has no inheritable, blood. The reply to this is that, by the enabling Act of 1865–66, Ch. 40, Susan does inherit the property in controversy. The common ancestors of complainant and James and Agnes were Jack and Millie Carr, slaves of John Carr. They had seven children, named Chaney, Henry, Nancy, Sarah, Agnes, James, and Wilson, all of whom died without issue except Wilson, the father of complainant, Susan. All died intestate except Chaney, who devised to James and Agnes.

The Chancellor dismissed the bill, not being satisfied that complainant, Susan, is the legal heir and next of kin of Agnes and James.

The first question presented, and upon which the case must necessarily and conclusively turn, is the

15 P—5

proper construction of the enabling Act which, it is claimed, gave to complainant inheritable blood as to this property. This is the Act of 1865–66, Ch. 40, Sec. 5, which is brought forward into Shannon's compilation as Section 4179, and repeated in Section 4198, and is substantially as follows: "All free persons of color, who were living together as husband and wife, in this State, while in a state of slavery, are hereby declared to be man and wife, and their children legitimately entitled to an inheritance in any property heretofore acquired, or that may be hereafter acquired, by said parents, to as full an extent as the children of white citizens are entitled by the laws of this State."

We are of opinion that, by the plain terms of this Act, the right and power of inheritance is conferred only as to such property as may descend from parents, and that no right of collateral inheritance is conferred by the Act. This was no doubt the intention of the General Assembly, and is the clear meaning of the words of the Act, which can admit of no other construction. A like construction has been placed upon statutes similar to the Act of 1865–66, in other States. *Tucker* v. *Bellamay*, 98 N. C., 31; *Jones* v. *Haggard*, 108 N. C., 178; *Williams* v. *Kimball*, 16 S. Rep., 783–786.

The complainant in this case, as well as James Carr and Agnes Lee, through whom she must claim and from whom she must inherit this property, if at all, were born in slavery, and she cannot inherit

except under and by virtue of the terms of the Act referred to, if at all. 'But she is not a lineal descendant of James and Agnes, and is only related to them collaterally, being their niece, the daughter of Wilson, their brother. She is not, therefore, embraced in the terms of the Act, and the property in question was never the property of her parents, nor covered by the provisions of the enabling law, and this is conclusive of the case, without examining the other many interesting questions which have been presented and ably argued before the Court. Complainant fails to place herself in such relation to this property as to be able to claim it by inheritance, and her suit must therefore fail.

The decree of the Court below is affirmed, and bill dismissed at complainant's cost.