HEIRS OF MOSES SPEESE, APPELLEES, V. ESTATE OF JEREMIAH SHORES, APPELLANT.

FILED MAY 7, 1908. No. 15,101.

**Descent and Distribution: SLAVES: INHERITANCE.** Moses Shores first lived and cohabited with Fannie Shores, and there was born to them Jeremiah Shores, the appellant herein. He next cohabited with Hannah Webb, who departed this life in 1855, and to them was born Josiah Webb, whose estate is in controversy herein, and Moses Speese, now deceased. After the death of Hannah Webb, Moses Shores cohabited with Patsy Davis, and there were born to them John Wesley Shores, Mary Hauser and Elizabeth Stimpson. Patsy Davis departed this life in 1865 or 1866. The above parties were all slaves living in the state of North Carolina, where Hannah Webb and Patsy Davis died. In North Carolina slaves could neither legally marry nor own or inherit property. After the close of the civil war, Moses Shores and Fannie Shores lived and cohabited together as husband and wife, and afterwards moved to the state of Indiana, where they both died. Josiah Webb moved to Custer county, in this state, where he died leaving as his estate the land in controversy herein. Jeremiah Shores claims the estate or an interest therein as a half brother of the deceased. The children of Moses Speese, the full brother of the deceased, claim an interest in the estate, and John Wesley Shores, Mary Hauser and Elizabeth Stimpson also claim an interest therein as brother and sisters of the deceased of the half blood. The case was submitted to the court on the pleadings, which on behalf of the parties claiming as children of Hannah Webb and Patsy Davis alleges that these women were each legally married to Moses Shores. The appellant's pleading denies such legal marriages of these parties, and asserts that because Moses Shores and Fannie Shores, his father and mother, lived and cohabited together as husband and wife he became their legitimate child. *Held*, That looking to the pleadings alone, in the absence

41

of evidence, the children of Hannah Webb and Patsy Davis born of their union with Moses Shores must be regarded as illegitimate; that under our statute the estate of an illegitimate child descended to his mother, and in case of her death to her heirs; that the whole estate under our law would descend to Moses Speese, the full brother of Josiah Webb, if he were living, but because of his death his children were entitled to the estate as his representatives; that Jeremiah Shores, not being a relative of Hannah Webb, the mother of the deceased, was not entitled to any part of the estate, and the question of his being a legitimate or illegitimate child of Moses and Fannie Shores was immaterial, as he could not inherit in either event.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*J. R. Dean* and *Hainer & Smith,* for appellant.

*Sullivan & Squires, contra.*

DUFFIE, C.

The subject matter in controversy in this case is the estate of one Josiah Webb, who died in Custer county, Nebraska, leaving as his estate a quarter section of land. This estate is claimed by the children of three different women, all having the same father. The case was submitted to the district court on the pleadings, and, from a judgment excluding Jeremiah Shores from any part in the estate, an appeal has been taken.

The facts as disclosed by the pleading of Jeremiah Shores, and from the statements of which his rights must be determined, are briefly these: All the parties involved are of African descent, and were slaves in the state of North Carolina until emancipated by the war of the rebellion. The relation of the parties is as follows: Moses Shores, the father of all the children, while in a state of slavery lived with one Fannie Shores as husband and wife, but whether they were married according to the custom prevailing among slaves or in any other manner is not known. Jeremiah Shores, the appellant, was a result of their cohabitation. Subsequently to the birth

of Jeremiah Shores, Moses, his father, cohabited with
Hannah Webb, and as a result of that union there was
born Josiah Webb, whose estate is in question, and Moses
Speese, now deceased, but whose estate is represented by
numerous heirs.  At a still later date Moses Shores co-
habited with Patsy Davis, and as a result of that union
there were born John Wesley Shores, Mary Hauser and
Elizabeth Stimpson.  These various children of Moses
Shores, under the custom which obtained in the slave
states, each took the name of the master of their mother,
and this accounts for the discrepancy in the names of the
children of Moses Shores.  The pleading of Jeremiah
Shores charges the children of Moses Shores born to him
from Hannah Webb and Patsy Davis as being illegitimate,
while these children assert that they are the legitimate
children of Moses Shores, and allege that Jeremiah is
illegitimate.  The court on the pleadings alone, in the
absence of any evidence, found the following: "It appear-
ing from the pleadings that Moses Speese was a brother
of the deceased, that they had a common mother, and that
John Wesley Shores, Mary Hauser and Elizabeth Stim-
son, the former a brother and the latter being each sisters
of the deceased of the half blood, are entitled as a matter
of law to inherit the land in question; it further appearing
that Moses Speese is dead, and that his heirs are Susan
Speese, his widow, William H. Speese, John W. Speese,
Joseph Speese, Radford Speese, Sarah Taylor, Charles
Speese and Earl Speese, his children, it is therefore
ordered, adjudged and decreed that said heirs of Moses
Speese together and jointly take and have an undivided
one-fourth interest in said real estate."  It does not ap-
pear from the pleadings that Moses Shores lived with any
of the three women mentioned, except in the state of
North Carolina, and it is distinctly charged that Hannah
Webb and Patsy Davis both died in North Carolina, Han-
nah Webb in 1855, while a slave, and Patsy Davis soon
after the close of the war of the rebellion.  It is further
alleged in the pleading of Jeremiah Shores that his father

and mother, Moses and Fannie Shores, lived together as husband and wife after their emancipation, and from this circumstance the claim. is made on behalf of Jeremiah Shores that he became their legitimate child. We do not see how his being made legitimate can affect the case or give him any interest in the estate of Josiah Webb. In North Carolina slaves could neither legally marry nor own or inherit property. *Tucker v. Bellamy,* 98 N. Car. 31, 4 S. E. 34. Even in those slave states where a marriage custom among slaves prevailed, marriage was an obligation of such imperfect character that a separation of the parties at or before emancipation was deemed a divorce. As stated in 1 Bishop, Marriage and Divorce (6th ed.), sec. 163: "If the law takes cognizance of slave marriages, it must also of these slave divorces." In this view of the case, we are driven to the conclusion, looking at the pleadings alone upon which the case was tried, that the children born to the several women with whom Moses Shores lived in North Carolina were each and all illegitimate, and that the estate in question must be disposed of under our statute as the estate of an illegitimate child. *McDowell v. Sapp,* 39 Ohio St. 558; *Butler v. Butler,* 161 Ill. 451. Section 4932, Ann. St. 1907, is in the following language: "If an illegitimate child shall die intestate, without lawful issue, his estate shall descend to his mother, or, in case of her decease, to her heirs at law."

Josiah Webb, whose estate is in dispute, died intestate without lawful issue, and his mother departed this life many years prior to his death. He had a full brother, Moses Speese, who died many years previous to the death of Webb, and whose children are now claiming his estate. Moses Speese, if living, would take the estate, as he would be the only remaining heir of his mother, Hannah Webb, but as he is not living his children represent him and take as his representatives. We cannot see how John W. Shores, Mary Hauser or Elizabeth Stimpson have any interest in this estate under our statute, as their mother never was an heir of Hannah Webb, the mother of Josiah

Webb, whose estate is under consideration. Neither could Jeremiah Shores, the child of Fannie Shores, claim the estate, as his mother could not inherit from Hannah Webb, and whether he was legitimate or illegitimate is immaterial to the question in controversy. The fact that the court awarded an interest in the estate to the heirs of Patsy Davis is not a matter of which Jeremiah Shores can complain, as under no circumstances could he have an interest in the estate, and, as the children of Moses Speese, the legal heirs of Josiah Webb, make no complaint of the distribution made by the district court, the judgment of that court should be affirmed, and we so recommend.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.