ELLEN McCLINE *et al. v.* McMURRAY RIDLEY *et al.*

(*Nashville.* December Term, 1915.)

1. **BASTARDS. Wills. Inheritance. Statutory provision.**

Under Shannon's Code, sec. 4166 (Code 1858, sec. 2423), providing that when an illegitimate child dies intestate without child, husband, wife, or mother living, his estate shall go equally to his brothers and sisters by his mother, or their descendants, an illegitimate child is an heir at law of another illegitimate child of the same mother who dies unmarried and childless, and has a right to contest the will of the latter. (*Post, pp.* 166-168.) ·

Acts cited and construed: Acts 1867, ch. 36, sec. 10

Cases cited and approved: Webb v. Webb, 40 Tenn., 70; Scoggins v. Barnes, 67 Tenn., 561; Carter v. Montgomery, 2 Tenn. Chy., 220; Murphy v. Portrum, 95 Tenn., 610; Laughlin v. Johnson, 102 Tenn., 456; Dennis v. Dennis, 105 Tenn., 88; Lewis v. Mynatt, 105 Tenn., 510; Scott v. Wilson, 110 Tenn., 179; Carver v. Maxwell, 110 Tenn., 75; Sheperd v. Carlin, 99 Tenn., 64; Cole v. Taylor, 132 Tenn., 92.

Codes cited and construed: Sec. 4166(S.); Sec. 4169(S.); Sec. 4179(S.).

2. **SLAVES. Legitimizing issue. Inheritance. Statutory provision.** -

Shannon's Code, sec. 4179, relating to the validation of marriage of colored people who lived together as husband and wife during slavery, and legitimation of their children, does not affect the right of an illegitimate to inherit from another illegitimate child of the same mother. (*Post, pp.* 166-168.)

3. **BASTARDS. Inheritance. Statutory provision.**

Under Shannon's Code, sec. 4166 (Code 1858, sec. 2423), providing that when an illegitimate child dies intestate without child, husband, wife, or mother living, his estate shall go equally to

McCline v. Ridley.

his brothers and sisters by his mother, or their descendants, lawful grandchildren of an illegitimate child are heirs at law of another illegitimate child of the same mother who dies under such circumstances. (*Post, pp.* 166-168.)

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—THOS. E. MATTHEWS, Judge.

· NOAH W. COOPER and R. L. SADLER, for plaintiff.

CHERRY & STEGER, for defendants.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This controversy, as it appears here, arose out of an effort, in the circuit court of Davidson county, to contest the will of one Mary J. Metz. The contestants were Ellen McCline, John Robert Nichols, Mary Ellen Nichols, and William Henry Nichols. The circuit judge ruled that the persons just named stood in no such legal relation to Mary J. Metz as would permit them to inherit from her in case of intestacy, that therefore they would not be benefited by setting aside her will, hence had no standing to contest that will. On appeal, the court of civil appeals affirmed that judgment, and the case is before us on the writ of *certiorari*. The question to be determined is whether the

contestants are heirs at law of Mary J. Metz, who died August 10, 1906, leaving neither husband nor child.

The facts necessary to be stated in this behalf are: These persons are all negroes, children and great grandchildren of one Hannah Merritt, born a slave, and who died about twenty years after the close of the Civil War. Hannah Merritt left surviving her three daughters, all illegitimate, viz., Mary J. Metz, Ellen McCline, and Bettie Nichols. Ellen McCline is still living, and a contestant, as stated. Bettie Nichols predeceased Mary J. Metz, but she left a son, born in lawful wedlock. This son also died prior to the death of Mary J. Metz but left surviving him three lawful children, the three Nichols contestants above mentioned.

So, the contestants are: (1) A bastard sister of the testatrix, who, as we have stated, was herself a bastard; (2) the lawful grandchildren of another bastard sister.

1. Is Ellen McCline an heir at law of the testatrix, capable of inheriting in case the will should be set aside?

We answer this question in the affirmative. The case falls directly within section 2423 of the Code of 1858 (Shan. Code, sec. 4166). That sections reads:

"When an illegitimate child dies intestate without child or children, husband or wife, his real and personal estate shall go to his mother; and if there be no mother living, then equally to his brothers and sisters

by his mother, or descendants of such brothers and sisters.''

That section has been referred to in the following cases, viz.: *Webb* v. *Webb*, 3 Head (40 Tenn.), 70; *Scoggins* v. *Barnes*, 8 Baxt. (67 Tenn.), 561; *Carter* v. *Montgomery*, 2 Tenn. Chy., 220; *Murphy* v. *Portrum*, 11 Pick. (95 Tenn.), 610, 32 S. W. 633, 30 L. R. A., 263; *Laughlin* v. *Johnson*, 18 Pick. (102 Tenn.), 456, 458, 460, 52 S. W., 816; *Dennis* v. *Dennis*, 21 Pick. (105 Tenn.), 88, 58 S. W., 284; *Lewis* v. *Mynatt*, 21 Pick. (105 Tenn.), 510, 511, 58 S W., 857; *Scott* v. *Wilson*, 2 Cates (110 Tenn.), 179, 182, 75 S. W., 1091. We think the section above quoted is controlling, and it is not necessary to consider whether Acts of 1867, ch. 36,. sec. 10 (Shan. Code, sec. 4169), has any application to the controversy. The cause producing the passage of that act is shown in *Scoggins* v. *Barnes*, supra. Nor does chapter 40, Acts of 1865-66 (Shan. Code, sec. 4179), mentioned in *Carver* v. *Maxwell*, 110 Tenn., 75, 80, 81, 71 S. W., 751, and in *Sheperd* v. *Carlin*, 99 Tenn., 64, 41 S. W., 340, relate to the matters involved in the present case. That statute concerned the validation of the marriage of colored people who had lived together in this State as husband and wife during the period of slavery, and the legitimation of their children. In the case before us, we are not dealing with legitimates in any degree, but with the estates of illegitimate persons, and the right to inherit from them. In such a case it is immaterial what race they belong to; the statute applies equally to the con-

dition in which it finds them.   The case of *Cole* v. *Taylor,* 132 Tenn., 92, 177 S. W., 61, considered the right of negroes, the marriage of whose parents had been made valid by the curative act of a foreign State.   The court did not have in mind, or in any way refer to, the rights of persons claiming from illegitimates.   We do not think that case has any application to the present controversy.

2.   The Nichols children, the legitimate grandchildren of Bettie, the bastard sister of the testatrix, fall within the section of the Code quoted supra, equally with Ellen McCline.   They are the descendants of the sister of testatrix.

It results that the trial court and the court of civil appeals erred in holding that the persons named were not lawful contestants of the will of Mary J. Metz. The judgement of both courts must therefore be reversed, and the cause remanded for further proceedings.