DILLARD L. LOVE ET AL. v. ARTHUR LOVE ET AL.

(Filed 20 December, 1919.)

**Wills—Devise—Estates—Remainder—Defeasible Fee—Parent and Child —Adoption—Legitimation—Statutes.**

Where there is a limitation over by devise upon contingency that the ulterior remainderman die leaving "heirs lawfully begotten," such remainderman takes a defeasible fee, the intent of the testator being that the fee simple depend upon his having children born in lawful wedlock, which may not be defeated by his having had only an illegitimate son, legitimated by proceedings under Rev., 263, 264, or adopted under sec. 177.

APPEAL by plaintiffs from *McElroy, J.,* at chambers, Sylva, N. C., 24 May, 1919, from JACKSON.

This is an action for the recovery of land, for an injunction to the final hearing to prevent cutting and removing timber, and also for a receiver. '

There was a temporary restraining order, which the court refused to continue to the hearing, and the plaintiffs appealed.

*Coleman C. Cowan, J. S. Manning, and S. Brown Shepherd for plaintiffs.*
*Felix E. Alley and James H. Merrimon for defendants.*

CLARK, C. J. The determination of this appeal depends upon the construction of item first of the will of John B. Love, who died in February, 1873, leaving him surviving his widow, 6 children, and a few grandchildren, the children of daughters who had died before the making

of the will.  By said item first of the will he devised to his wife the land in controversy in this action: "To have and to hold to her during her natural life, and at her death to my youngest son, Calhoun Love, and his heirs lawfully begotten in fee simple forever, but in case my said son shall die without issue, the said lands mentioned above are to revert back and be equally divided between his brothers and their heirs forever."

The widow died in April, 1893, and on her death Calhoun Love entered into and upon the lands in controversy and occupied them until his death in February, 1919, when the defendant, Arthur Love, who was living with him, continued to live thereon, claiming them as his own.

Calhoun Love was never married, and the plaintiffs are his brothers and their heirs.  They demanded of Arthur Love possession of the premises, and on his refusal began this action.  It is alleged in the complaint and admitted in the answer that Calhoun Love died in February, 1919, without ever having married, and without leaving issue begotten in lawful wedlock; that the defendant Love, alias Arthur Browning, was the child of Niece Browning, an unmarried woman, who was born in 1894, and that in October, 1908, the said Calhoun Love, upon proper proceedings in the Superior Court of Jackson, filed a petition under Rev., 263, that said Arthur Browning be legitimated and the decree was so entered in said court.  The sole question presented is as to the effect of the provisions of Rev., 177, and 263.

The plain intent and language of those sections is that a child so adopted, or legitimated, shall inherit his father's real estate, and be entitled to the personal estate of his father "in the same manner as if it had been born in lawful wedlock."

But under the will of John B. Love, Calhoun Love had only a fee defeasible in the land in question.  Under the terms of the will, Calhoun Love having left no heirs lawfully begotten, his estate terminated and passed to his brothers and their heirs, the plaintiffs in this action.

The act of legitimation and the decree of the court thereon entitled Arthur Love to inherit the realty, and to receive the personalty, of Calhoun Love, which he owned absolutely, but it could not have the effect of rendering indefeasible the title to the realty in question which by the terms of the will was made defeasible upon the death of Calhoun Love without heirs "lawfully begotten."

The amount involved is considerable, and counsel have filed very able and elaborate briefs.  But an examination of the authorities cannot shake the proposition that the intention of the testator should govern; that the lands here devised to Calhoun Love after the death of his mother were possessed by him in fee defeasible upon his dying without lawful issue; and that the decree of legitimacy did not make Arthur Browning, alias Arthur Love, his lawfully begotten issue.

Rev., 264, defines the effect of the decree made under the Rev., 263, as follows: "The effect of such legitimation shall extend *no further* than to impose on the father all the obligations which fathers owe to their lawful children, and to enable the child to inherit from the father only *his* real estate, and also to entitle the child to the personal estate of the father in the same manner as if he had been born in lawful wedlock." Rev., 264.

This statute seems to be clear enough on its face. It limits the right to inherit to the properties of the adopting father, and so clearly that it would seem unnecessary to cite authorities; but if authorities are necessary, it will appear that this Court has construed this and other statutes on all-fours to the effect that the legitimated child can only inherit from the adopting father, and cannot inherit from the father's ancestors or other kindred, or be representative of them. Such adopted child cannot be issue or heir general. The word "only" as used in this statute qualifies the words "inherit from the father," and not the words "real estate," thereby limiting the right of inheritance to the properties of the adopting father, and this is emphasized by the fact that the remaining part of the sentence provides that the adopted child is also entitled to the personal estate of his father.

That the devise to Calhoun Love was defeasible upon his dying without heirs "lawfully begotten" was settled by this Court in *Whitfield v. Garris,* 131 N. C., 148, and on rehearing, 134 N. C., 24, after an exhaustive review of the authorities, it was reaffirmed. In that case it was held that "Where a testator devised realty to a grandson, and in the event of death of the latter without children, then the land to descend to other grandchildren, such devise vested a fee-simple estate in the first devisee defeasible only on condition that he die without leaving heirs of his body."

The principle there laid down has been approved and applied in *Wilkinson v. Boyd,* 136 N. C., 46; *Sessoms v. Sessoms,* 144 N. C., 121; *Elkins v. Seigler,* 154 N. C., 374; *Dunn v. Hines,* 164 N. C., 113; *Rees v. Williams, ibid.,* 128; *S. c.,* 165 N. C., 201; *Burden v. Lipsitz,* 166 N. C., 523; *Hobgood v. Hobgood,* 169 N. C., 485; *Albright v. Albright,* 172 N. C., 351; *Bizzell v. Building Asso., ibid.,* 158; *Kirkman v. Smith,* 174 N. C., 603; *S. c.,* 175 N. C., 579; *Williams v. Biggs,* 176 N. C., 48. See, also, Rev., 1581; 2 Bl. Com., 172; 4 Kent Com., 268.

A legitimated or adopted child under this decree and statute is not "issue" within the sense that the same is used in the last will of John B. Love. By legitimation, the adopted child is not made the kin of the kindred of the adopting father. In blood and status as to lineal and collateral relatives it is still alien. The effect is simply to create a personal status between the petitioning father and the child legitimated,

such that the adopted child may inherit from the adopting father those properties which he might voluntarily during his lifetime give to the illegitimate child in fee simple. The legitimation proceedings does not make the child adopted an heir general such as that he will take an estate by limitation, as heir of heirs, from generation to generation, therefore the foregoing decree legitimating Arthur Browning to Calhoun Love does not make the said Arthur Love "issue" within the meaning of the will of John B. Love. *Edwards v. Yearby,* 168 N. C., 663; *Bettis v. Avery,* 140 N. C., 185; *Jones v. Hoggard,* 108 N. C., 178; *Tucker v. Tucker, ibid.,* 235; *Howell v. Knight,* 100 N. C., 254; *Tucker v. Bellamy,* 98 N. C., 31; *King v. Davis,* 91 N. C., 142; *Doggett v. Moseley,* 52 N. C., 587; *Lee v. Shankle,* 51 N. C., 313; *Kirkpatrick v. Rogers,* 41 N. C., 130 (135); *Perry v. Newsom,* 36 N. C., 28; *Thompson v. McDonald,* 22 N. C., 463; *Drake v. Drake,* 15 N. C., 110; *Jones v. Jones,* 234 U. S., 618.

There are numerous decisions in other States to the same effect, and the very few to the contrary are in States where the statute for legitimation or adoption is different from ours.

The plaintiffs are entitled to recover the property, and the judgment below must be

Reversed.