## VANLANDINGHAM et al. v. TERRY.
(No. 3625.)

Court of Civil Appeals of Texas. Texarkana. Jan. 10, 1929.

to demand and receive of them as rents was unwarranted. This contention also should be sustained we think, and, the finding being the basis of the judgment, it follows that appellants' further contention that the judgment should be reversed and the cause remanded to the court below for a new trial likewise should be sustained, without respect to whether the suit for the partition should be treated as one in equity (Payne v. Benham, 16 Tex. 364; Grassmeyer v. Beeson, 18 Tex. 753, 70 Am. Dec. 309; Kalteyer v. Wipff, 92 Tex. 673, 52 S. W. 63) or under the statute (articles 6082 to 6100, R. S. 1925). The rule for ascertaining the value of such a life estate is sufficiently indicated, perhaps, by what was said by the Supreme Court in Clift v. Clift, 72 Tex. 144, 10 S. W. 338, and Swayne v. Lone Acre Oil Co., 98 Tex. 597, 86 S. W. 740, 69 L. R. A. 986, 8 Ann. Cas. 1117.

In their answer, appellants alleged that in a suit (No. 96–A) in the district court of Smith county, for the property in question, brought against them by Mrs. Ella Terry as next friend of Travis Hollingsworth before this suit was commenced, the court in its decree determined "the value and amount of rents as against these defendants of and for said premises. That the question and issue of rents of the land and premises described in plaintiff's petition herein were finally adjudicated in said cause No. 96–A as shown by the pleadings and judgment of the court in said cause, and these defendants here now enter their plea of res adjudicata and former final determination of the question and issue of the rents and value of the land and premises set out and described in plaintiff's petition herein."

■ The truth of the allegations in appellants' said answer having been established by the pleadings of appellee and judgment in said suit No. 96–A, admitted as evidence at the trial of the instant case, appellants complain because the court did not hold said judgment in that suit conclusive of a right in appellee to recover as he sought to in this case. In reply to the contention, appellee says in his brief that the judgment in said suit No. 96–A was so modified on an appeal therefrom prosecuted by appellants as to deprive the plea of res adjudicata of any merit it might have had but for such modification. Appellee's reply ignores the fact that the burden of proving the modification of the former judgment was on him and not on appellants (Murphy v. Bank, 82 Ark. 131, 100 S. W. 894), and that he did not discharge the burden. On another trial, if the pleadings and proof are unchanged, we see no reason why the trial court should not give effect to the plea of res adjudicata.

The judgment will be reversed, and the cause will be remanded to the court below for a new trial.

Butler, Price & Maynor, of Tyler, for appellants.

Gentry & Gentry, of Tyler, for appellee.

WILLSON, C. J. (after stating the facts as above). ■ Appellants insist there was no evidence showing the value of the life estate they owned in the property. Having read all of the testimony in the statement of facts sent to this court and finding no such evidence therein, we sustain the contention. There being no such evidence, appellants insist, further, that the finding of the trial court that their life estate was worth no more than the amount appellee was entitled