304

## COFFMAN v. GULF, C. & S. F. RY. CO.
## (No. 1103—5351.)

Commission of Appeals of Texas, Section B.
Jan. 29, 1930.

Kyle Vick and Williams, Williams, McClellan & Lincoln, all of Waco, for plaintiff in error.

Nat Harris, of Waco, and Terry, Cavin & Mills, of Galveston, for defendant in error.

LEDDY, J. In 1921 M. M. Coffman, after the death of his wife, continued to use and occupy the community homestead, one-half of which belonged to his children. In that year the same was destroyed by fire. He brought suit to recover damages sustained by him on account of the loss of said property, alleging that the same resulted from negligence on the part of defendant in error. While this suit was pending, he died, and plaintiff in error, his duly qualified executor, was substituted as a party plaintiff. After his death, the children intervened as plaintiffs, seeking to recover for the loss of their interest in the property. Exceptions were sustained to their petition, as it appeared therefrom their cause of action was barred by the statute of limitation, and they were dismissed from the case.

In answer to special issues, the jury found in favor of plaintiff in error as to the liability of the railway company for the destruction of the property, and also found that the total value of the residence destroyed was $2,800, and legal interest thereon was the sum of $845.83, and that the reasonable value of the furniture destroyed with said residence was the sum of $300, and legal interest thereon was $120.50.

Based on these findings and the undisputed facts, the trial court concluded that plaintiff in error was entitled to recover one-half the reasonable value of the property destroyed, together with legal interest on the total value of the property from the date of the fire on July 19, 1921, until the date of Coffman's death on November 14, 1925, and to a further recovery of one-half the interest accruing on said sum from Coffman's death to the date of the trial, and judgment was entered accordingly.

The Court of Civil Appeals concluded that the measure of damages applied by the trial court was erroneous, holding that the homestead right of M. M. Coffman in the children's interest in the property could not be arbitrarily fixed at 6 per cent. on the reasonable value thereof, and that the true measure of damages for Coffman, on account of having been deprived of the use of the property, was the value of the use of the children's interest to him during the period he was deprived thereof; such value to be determined by the jury under the conditions and circumstances introduced in evidence.

■ We are of the opinion the trial court applied the correct measure of damages, and that the Court of Civil Appeals was in error in holding to the contrary.

The homestead right, granted by the Constitution to the survivor, has been generally determined by the courts of this and other states to constitute an estate in land in the nature of a life estate created by operation of law. Woods v. Alvarado State Bank (Tex. Sup.) 19 S.W.(2d) 35; Sargeant v. Sargeant

(Tex. Com. App.) 15 S.W.(2d) 589; Hargadene v. Whitfield, 71 Tex. 483, 9 S. W. 475; Clift v. Clift, 72 Tex. 144, 10 S. W. 338; Stallings v. Hullum (Tex. Civ. App.) 33 S. W. 1035; Gonzales v. De Gonzales, 115 Tex. 16, 273 S. W. 798; Cherokee Const. Co. v. Harris, 92 Ark. 260, 122 S. W. 485, 135 Am. St. Rep. 177; Lawley v. Richardson, 101 Okl. 40, 223 P. 156, 43 A. L. R. 804; Carter v. Monarch, 171 Ky. 345, 188 S. W. 379; Pratt v. Pratt, 161 Mass. 276, 37 N. E. 435; Tucker v. Tucker, 108 N. C. 237, 13 S. E. 5; C. J. vol. 29, p. 784, § 5; Thompson on Real Property (1924 Ed.) §§ 905, 906; Waples on Homestead Exemptions, pp. 258, 274; Washburn on Real Property, vol. 1, § 540; Dembitz on Land Titles, vol. 2, p. 128.

■ The surviving husband's homestead right in the children's interest in the property destroyed, being in the nature of a life estate, should be governed by the measure of damages applicable in such cases.

■ The proper measure of damages in cases of destruction of property, where the plaintiff holds a life estate therein, is generally recognized as being the right to the use of the proceeds recovered against the wrongdoer until the termination of the life estate, and, where the use of such proceeds has been denied, then legal interest in lieu thereof is awarded. Swayne v. Lone Acre Oil Co., 98 Tex. 597, 86 S. W. 740, 69 L. R. A. 986, 8 Ann. Cas. 1117; Frame v. Whitaker (Tex. Civ. App.) 7 S.W.(2d) 140; Vanlandingham v. Terry (Tex. Civ. App.) 13 S.W.(2d) 448; Breckenridge v. Coffield (Tex. Civ. App.) 283 S. W. 311; Crain v. West, 191 Ky. 1, 229 S. W. 51; Lenfers v. Henke, 73 Ill. 405, 24 Am. Rep. 263; Wilson v. Youst, 43 W. Va. 826, 28 S. E. 781, 39 L. R. A. 292; Blakley v. Marshall, 174 Pa. 425, 34 A. 564; Meredith v. Meredith, 193 Ky. 192, 235 S. W. 757.

In a case where property was negligently destroyed by a railway company, in which it was shown that the plaintiff held a life estate, the Court of Appeals of New York held that the "recovery in this case might be treated as a substitute pro tanto for the land damaged, as would be the case of the proceeds of a sale." Rogers v. Atl., Gulf & Pac. Ry. Co., 213 N. Y. 246, 107 N. E. 661, 664, L. R. A. 1916A, 787, Ann. Cas. 1916C, 877.

■ Had Coffman been living at the time of the trial, he could have asserted no legal claim to any part of the corpus of the proceeds of a recovery by the children for the value of their one-half interest in the property, but he could have demanded the right to the use of such funds during his lifetime. In the absence of the father's homestead right, the children would have been entitled to recover 6 per cent. interest on the value of their interest in the property; this being awarded as a part of their damages because of a deprivation of the use of the money. As Coffman's homestead right to use the property during his lifetime was imposed upon the children's interest, this element of damages was properly recoverable by him and not by them. Inasmuch as the duration of the homestead right covered a definite period (that is, from the date of the fire to the date of Coffman's death), and he was deprived during this time of the use of the proceeds of the recovery to which the children would have been entitled had suit been timely brought, his damages should be measured by the legal value of the use of the money, or 6 per cent. interest.

■ Ordinarily, our holding would operate to reverse the judgment rendered by the Court of Civil Appeals. We cannot reverse such judgment, however, because it appears that court has reached the conclusion that the finding of the jury that sparks or fire from defendant in error's engine caused the fire is so against the overwhelming weight of the testimony that same should not be permitted to stand. This holding involves a finding of fact, within the province of that court, which the Supreme Court is without power to review. Choate v. S. A. & A. P. Ry. Co., 91 Tex. 406, 44 S. W. 69; National Compress Co. v. Hamlin, 114 Tex. 375, 269 S. W. 1024; Wisdom v. Railway Co. (Tex. Com. App.) 231 S. W. 344; Good v. Good (Tex. Civ. App.) 293 S. W. 621; Holmes v. Houston (Tex. Civ. App.) 241 S. W. 1039.

We recommend that the judgment of the Court of Civil Appeals reversing the case be affirmed, and that the same be remanded for further proceedings not inconsistent with this opinion.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.