MYRTLE A. KING *vs.* HORACE A. THISSELL, executor.

Worcester.    October 4, 1915. — October 15, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Will*, Omission to provide for issue. *Statute*, Construction. *Illegitimacy. Words,* "Issue."

Where the Legislature in enacting a statute adopt the language of a previous statute that has received a judicial construction, the construction is deemed to have been adopted also and is applied to the later statute.

In the provision contained in R. L. c. 135, § 19, that, "if a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate which they would have taken if he had died intestate, unless they have been provided for by the testator in his lifetime or unless it appears that the omission was intentional and was not occasioned by accident or mistake," the words "issue of a deceased child" mean the legitimate issue of a deceased child, and an illegitimate child of a child of the testator is given no rights by the statute.

BILL IN EQUITY, filed in the Probate Court for the county of Worcester on November 16, 1914, by Myrtle Anna King, of Marlborough in the State of New Hampshire, who before her marriage was known as Myrtle Terrill, alleging that she was the only issue of Cassius M. Ward, late of Clinton, having been the only child of his daughter Lottie Ward, who never was married, and further alleging that Cassius M. Ward, whose will had been filed in that court, made no provision for her in his lifetime and omitted to provide for her in his will and that the omission was unintentional and was caused by accident or mistake; praying that the plaintiff might be declared to be entitled to the same share in the estate of Cassius M. Ward which she would have taken if he had died intestate.

The Probate Court made a decree that the plaintiff, Myrtle Anna King, was not entitled to receive any portion of the estate of Cassius M. Ward. The plaintiff appealed, and the case was submitted to *Braley,* J., upon an agreed statement of facts. He found' and ruled that the plaintiff was not "the issue of a deceased child" of the testator within the meaning of R. L. c. 135, § 19, and or-

dered that the decree of the Probate Court dismissing the bill be affirmed. At the request of the plaintiff the justice reported the case for determination by the full court.

R. L. c. 135, § 19, is as follows: "If a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate which they would have taken if he had died intestate, unless they have been provided for by the testator in his lifetime or unless it appears that the omission was intentional and was not occasioned by accident or mistake."

*L. E. Guillow,* for the plaintiff.

*G. E. O'Toole & J. H. O'Brien,* for the defendant, submitted a brief.

PIERCE, J. The petitioner asks that the words "issue of any deceased child" in Rev. Sts. c. 62, § 21, as re-enacted without other than a slight verbal change in Gen. Sts. c. 92, § 25; Pub. Sts. c. 127, § 21; R. L. c. 135, § 19, shall be read to include illegitimate issue as well as legitimate issue.

Such interpretation would involve reconsideration of *Kent* v. *Barker,* 2 Gray, 535, wherein the word "children" was adjudged to mean only legitimate children.

In effect the argument is that that decision should be reversed because of change in public policy and in judicial sentiment in relation to the treatment of this kind of sociological problems. See *dicta, Buckley* v. *Frasier,* 153 Mass. 525. But the question is no longer open. "When the same Legislature, in a later statute, uses the terms of an earlier one which has received a judicial construction, that construction is to be given to the later statute. And this is manifestly right. For if it were intended to exclude any known construction of a previous statute, the legal presumption is, that its terms would be so changed as to effect that intention." *Commonwealth* v. *Hartnett,* 3 Gray, 450. *Shelton* v. *Sears,* 187 Mass. 455, 459. Black on Interpretation of Laws, (2d ed.) § 179. *Douglass* v. *County of Pike,* 101 U. S. 677.

With the word "children" in the statute qualified by the word "legitimate," it cannot be doubted upon the reasoning of *Kent* v. *Barker, supra,* that the words "issue of a deceased child" should be construed to mean legitimate issue of any legitimate deceased child, and we so hold.

It becomes unnecessary to consider whether the omission of the petitioner from the will was intentional or was or was not due to accident or mistake. The decree of the single justice affirming the decree of the Probate Court must be affirmed.

*So ordered.*