(No. 13792.—Decree affirmed.)

Henry Antony Marsh, Plaintiff in Error, vs. Marshall
Field III. *et al.* Defendants in Error.

*Opinion filed April 21, 1921.*

1. Wills—*devise to "issue" means legitimate issue unless con-
trary intention is expressed or necessarily implied.* A devise to a
"child" or "issue" must be held to mean legitimate child or issue
unless there is an express designation of illegitimate children or
unless there is a necessary implication of an intention that illegiti-
mates be treated as legitimate issue and that they shall take un-
der the will.

2. Same—*expression "lawful issue" in one clause does not show
intention that term "issue" in another clause shall include illegiti-
mates.* The use of the term "lawful issue" in one paragraph of a
will does not justify a construction of the unqualified word "is-
sue" in another clause as indicating an intention to include illegiti-
mate issue as well as legitimate under the unqualified word "issue."

3. Same—*devise to "issue," if it includes illegitimates unborn
and not in ventre sa mere, is illegal and void.* A devise to the "is-
sue" of certain persons, which is intended to include illegitimate
issue unborn and not *in ventre sa mere,* is illegal and void.

4. Same—*child not born when will was made cannot take as a
natural child.* A child, to take under express terms of a will as a
natural child, must have acquired the reputation of being the natu-
ral child of its parent at the time of the making of the will.

Writ of Error to the Superior Court of Cook county;
the Hon. Denis E. Sullivan, Judge, presiding.

Dunne & Corboy, and Daniel A. Boyle, for plaintiff
in error.

Wilson, McIlvaine, Hale & Templeton, McCul-
loch, McCulloch & Dunbar, Isham, Lincoln & Beale,
and J. F. Dammann, Jr., guardian *ad litem,* (Miller,
Starr, Brown, Packard & Peckham, and John S. Mil-
ler, Jr., of counsel,) for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

In February, 1918, certain parties in interest filed their bill in the superior court of Cook county asking for construction of the seventh article of the will of Marshall Field, Sr., who died in January, 1906. This will was dated February 5, 1904. It contained, in addition, two codicils, one dated June 14, 1904, and the other September 5, 1905. The Illinois Trust and Savings Bank, Chauncey Keep and Arthur B. Jones, trustees under the will, were made defendants. The trustees answered the bill and filed a cross-bill making all the parties to the original bill defendants, and making John Westfield Gillette and Henry Antony Marsh, a minor, additional defendants. The cross-bill sets out, in substance, all the facts contained in the original bill, and prays adjudication of questions arising thereunder concerning the proper distribution of the trust estate and powers and duties of the trustees, and further prays that the court determine whether Henry Antony Marsh, reputed to be the natural child of Henry Field, a deceased grandchild of the testator, is issue of Henry Field within the meaning of that term as used in the seventh article of the will, under which Henry Field was a beneficiary, so as to make Marsh a beneficiary entitled to share in the trust estate created by the seventh article of the will. A guardian *ad litem* was appointed for said minor defendant, who filed an answer setting up that said defendant is an infant of the age of· about two years; that he is the natural son of Henry Field, deceased; that Henry Field was his father and Peggy Marsh (formerly known as Annabelle Greenough) is his mother; that he is the issue of Henry Field and Peggy Marsh, and that as such issue he is by the language of the will entitled to a portion of the estate of Marshall Field, Sr., devised under the seventh clause of the will to the issue of Henry Field. The superior court entered a decree construing the will and holding that the word "issue," as

used in the seventh article of the will, should be construed to mean lawful issue; that Marsh is not "issue" of Henry Field within the meaning of that word as used in the seventh article of the will and is not entitled to any share in the trust estate created by said article. The guardian *ad litem* for Marsh brings this writ of error to review that portion of the decree. As this is the only assignment of error on the decree, further consideration need not be given the decree.

That portion of the seventh article of the will which is material to the discussion of this question provides for the accumulations from a $5,000,000 fund and the appointment of trustees thereof, and contains numerous other provisions not necessary to be considered in determining the issue here presented. The portion of the seventh article which is important for this hearing is contained in paragraphs 9 and 10 of said article. These paragraphs are as follows:

9th. "In case either or both of my said grandsons, Marshall or Henry, or my said grand-daughter, Gwendolyn, shall die leaving lawful issue surviving, I direct that said trustees shall, from and after the death of each and every of said three grandchildren, my son not being alive, retain and hold and invest and re-invest for accumulation their respective shares of the entire trust estate until the youngest surviving child of each such deceased grandchild shall respectively attain the age of twenty-one (21) years or shall die before attaining that age. When the youngest surviving child of any one of my said three grandchildren so deceased shall arrive at the age of twenty-one (21) years, I direct that said trustees distribute, convey, transfer and deliver in equal shares to all the surviving children of such deceased grandchild, and to the issue of any child or children that may have deceased, such issue taking *per stirpes* and not *per capita,* the share of the capital and income of the entire trust estate held in trust for the children of such deceased grandchild, to be received and held by them, and

each of them, to their and each of their own use absolutely forever.   *  *  *

10th. "In case any one of my said three grandchildren shall die leaving no issue surviving, or in case all the surviving children of any one of my said three grandchildren shall die before attaining the age of twenty-one (21) years, leaving no issue surviving, I direct that the share of the capital and income of the entire trust estate which would have gone to any surviving children of such deceased grandchild in the event of their living until twenty-one (21) years of age, shall in either such case, and in the cases of each and every of such deceased grandchildren and their respective children, go, and I hereby give, devise and bequeath the same, to all the surviving children of my son and their issue, *per stirpes."  *  *  *

Plaintiff in error, Henry Antony Marsh, contends that the word "issue," as used in the tenth paragraph, includes illegitimate issue, although it is conceded by his counsel that the term "lawful issue," as used in the ninth clause of the will, excludes illegitimate children, and that because in the ninth paragraph the testator used the word "lawful," it was his conscious intention that in all other cases where the words "issue" or "any issue" are used without qualification, illegitimate issue should share equally with legitimate issue. We are unable to see the force of this argument. It is apparent upon analysis of these paragraphs of the will that the testator was providing for one of two alternatives, the ninth paragraph providing for the disposition of the interest of Henry Field should he die leaving issue, and the tenth providing for the disposition of his interest in case he should not leave issue. The ninth clause specifically refers to issue as "lawful issue." The other alternative that would naturally be in the mind of the testator would be the death of Henry without lawful issue. There is no basis in logic for saying that "leaving no issue" as the alternative for "leaving lawful issue" includes illegitimate issue,

when, obviously, "leaving lawful issue" cannot include illegitimates; nor is there anything in the wording of the seventh article to indicate that the testator so intended. To pursue the contention of counsel for plaintiff in error to its logical conclusion the following result would be reached: The ninth paragraph is clearly inoperative, under the facts in this case, because Henry Field left no lawful issue. If "issue" in paragraph 10 be construed to include illegitimates, then that paragraph is inoperative because the contingency upon which it was to become operative was that he should die leaving "no issue," and that contingency has not been met, as under the construction sought he has left issue. Paragraph 9 being inoperative because Henry Field left no lawful issue and paragraph 10 being inoperative because he did not die leaving "no issue," Henry Field's share of the trust estate, whatever that might be, under such state of facts becomes intestate property unless controlled by a residuary clause, which question is not under consideration in this case. If the property is intestate property plaintiff in error takes nothing, because an illegitimate child cannot, under the laws of descent, inherit from its natural father. Even assuming that the testator intended to include illegitimate children by the unqualified term "issue" or "any issue," it by no means follows that provision is made for the plaintiff in error in this case by article 7.

Counsel for plaintiff in error argue that it was the conscious intention of the testator by the use of the words "issue" or "any issue" without qualification, to include remote illegitimate issue of his children. It is not conceivable that a man of intelligence and moral perception should have had the conscious intention of providing for the illegitimate issue not only of his sons and grandsons but his daughters and grand-daughters, and if the construction claimed by plaintiff in error here be the correct one, such must be held to have been his intention. Moreover, at the time this will was made the testator's grandchild Henry Field, the nat-

ural father of plaintiff in error, was but eleven years of age. There is nothing in the will to indicate that the testator suspected the future birth of illegitimate issue, and the reaches of imagination can scarcely conceive that a testator would have had in his mind provision for the illegitimate issue of his eleven-year-old grandson.

Under the rule of law in the cases cited by counsel on both sides of this controversy, the object sought in the construction of a will is to ascertain the intention of the testator. This court, in determining what is meant by the term "intention," said in *Black* v. *Jones*, 264 Ill. 548: "By this intention is meant the actual, personal, individual intention of the testator, and not merely the presumptive or speculative one that may be inferred from the use of set phrases, formal words or technical words and phrases." It is evident from an examination of the entire will that it was the purpose of the testator to cause his estate to pass, under his will, to his kin or blood relatives. It will be noted that in the will no provision is contained for a husband or a wife of any beneficiary, with the single exception of his daughter Ethel.

While it has been held that the natural children of a particular person who before the making of the will have acquired the reputation of being the children of such person are capable of taking under the description of "children" or "issue," the will itself must show the testator's intention to include them in its description, either by express designation or by necessary implication. If this be not done, the term "child," "son" or "issue" must be accepted to mean legitimate child, son or issue. (2 Williams on Executors, 1184.) By a devise to children, legitimate children, only, are meant, where there is no evidence of a contrary intention. There must be either express designation of the children as illegitimate children, or necessary implication of an intention that they be treated as legitimate issue and that they shall take under the will. In the ab-

sence of an expressed intention that these terms·shall be treated in a manner differing from their settled meaning an illegitimate child cannot take under the term "child" or "issue" in a will.   (2 Underhill on Wills, sec. 570.)

The rule in this State is that the words "child" or "children," when used in a statute, will or deed, mean legitimate child or children, and will not be extended by implication to embrace illegitimate children unless such construction is necessary to carry into effect the manifest purpose of the legislature, the testator or the grantor.   (*Murrell* v. *Industrial Com.* 291 Ill. 334; *Smith* v. *Garber,* 286 id. 67; *Blacklaws* v. *Milne,* 82 id. 505.)   In *Smith* v. *Garber, supra,* the rule is laid down that in the absence of an intention in a will to the contrary, the presumption is that the ancestor intended that his property should go where the law carries it, which is supposed to be in the channel of natural descent. To interrupt or disturb its descent or direct it in a different course would require plain words to that effect.

We are of the opinion that there is no distinction to be drawn in the construction of the term "issue" as used in the tenth paragraph of the seventh article of the will, and the term "lawful issue" as used in the ninth paragraph thereof.   The use of the term "lawful" does not restrict or extend the construction of the term "issue," in the absence of specific and plain language of the will showing that the testator intended to make such a difference in construction. Rules of construction must not be permitted to depend upon the assumption that a will is framed upon the plan of the use of entire accuracy in expression and the employment of no redundant words.   (*Leiter* v. *Sheppard,* 85 Ill. 242; *Ryan* v. *Allen,* 120 id. 648; *Wardner* v. *Baptist Memorial Board,* 232 id. 606.)   Moreover, if it be held that it was the express intention of the testator to provide for illegitimates unborn and not in *ventre sa mere,* such devise would be illegal and void.   Such a provision is void for the reason that it presents an issue which courts cannot and will

297—17

not consider. A child, to take under express terms of a will as a natural child, must, under the rule, have acquired the reputation of being the natural child of a certain person at the time of the making of the will. Before such child is born it is, of course, impossible to make proof of such reputation. *Gordon* v. *Gordon,* 1 Meriv. 141; 3 Am. & Eng. Ency. of Law, 893; 1 Perry on Trusts, sec. 66.

We are of the opinion that the superior court did not err in construing the term "issue" or "any issue" as lawful issue. The decree of the superior court is therefore affirmed.

*Decree affirmed.*