DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1923.

---

William Mason Miller, Appellant, v. Edward Mason Wick et al., Appellees.

### Gen. No. 27,589.

WILLS—*adopted child not "lawful issue" of beneficiary for purpose of vesting principal of testamentary trust.* The provisions of a will bequeathing certain property in trust for the benefit of a nephew of the testator, the income only to be paid to him during his life "or until such time in his life as he shall have a child, his lawful issue, who shall attain unto the age of three years" whereupon the principal shall be paid to the nephew, are not satisfied so as to vest the principal, by the attainment to the age of three years, of a child who was legally adopted by the nephew after the death of the testator, no child ever having been born to the beneficiary, since the adoption statute, Cahill's Ill. St. ch. 4, ¶ 5, does not create new rights in the adopting parent benefiting him alone in his relations with third persons although it does create new rights in the adopted child and impose new obligations on the person adopting such child.

Vol. CCXXX 1

(1)

Appeal by plaintiff from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1922. Affirmed. Opinion filed June 20, 1923.

WETTEN, PEGLER & DALE and STEWART TAYLOR, for appellant.

HOLDOM, PRATT & ZEISS and McCULLOCH, McCULLOCH & DUNBAR, for appellees.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is an appeal from a decree which sustained certain demurrers to the amended and supplemental bill of complaint, and dismissed the latter for want of equity.

The litigation involves the construction of the last will and testament of William A. Mason, deceased, having reference specifically to certain words in article "Fourthly," which after directing the payment to the complainant, William Mason Miller, of a one-third part of the income from certain trust property, are as follows:

"Said payments shall continue during the life of my said nephew or until such time in his life as he shall have a child, his lawful issue, who shall attain unto the age of three years, in which event the principal of one-third part of said property given, devised and bequeathed by this article Fourthly shall thereupon be paid over, delivered and conveyed by my said trustees to my said nephew, William Mason Miller."

The crucial words are "he shall have a child, his lawful issue, who shall attain unto the age of three years." The complainant is the nephew, William Mason Miller, named in the clause just quoted. He and his wife never had a child born to them, but after the death of the testator they adopted a child, Virginia Miller, who at the time of the hearing was nine years of age.

It is the theory of the complainant that the adoption of the child, Virginia Miller, complies with the requirements of the will that "he shall have a child, his lawful issue, who shall attain the age of three years," and that he is now entitled to a one-third part of the principal, not that the adopted child may now or at any time take under the will, but that the complainant himself, by reason of his having satisfied the condition imposed by the testator that "he shall have a child, his lawful issue, who shall attain unto the age of three years," is entitled to a one-third part of the trust fund. It is the theory of the defendants that the will shows it was the clear intention of the testator that the complainant, in order to take one-third of the principal, outright, must qualify by becoming the father of a child born to him and his wife in wedlock, which child should attain the age of three years; and, further, that section 5 of the Illinois statute of adoption [Cahill's Ill. St. ch. 4, ¶ 5] which fixes the status of a child "for the purpose of inheritance by such child," etc., is inapplicable, but, if to be considered, does not aid complainant's construction of the will, but rather, in spirit, supports the construction contended for by the defendants.

An analysis of the will shows substantially the following:

Firstly: A provision for the payment of the testator's debts and funeral expenses.

Secondly: A bequest and devise of the entire estate to his widow, Frances H. Mason, to be held by her in trust for her own use during her life with full power of disposition of the whole or any part of said estate for her own use, subject, however, to an annuity of $1,000 to a brother, Charles H. Mason, and after his death to his daughter or daughters him surviving.

Thirdly: Upon the death of his wife, Frances H. Mason, one quarter of the residue of his estate which shall not have been disposed of by his wife is given to a nephew, Edward Mason Wick, and upon his death unto "the child or children of my said nephew, Ed-

ward Mason Wick, his lawful issue him surviving" in equal shares.

Fourthly: Upon the death of the testator's wife, Frances H. Mason, the remaining three-quarters of the remainder of his estate to his trustees (Henry H. Mason and Edward Mason Wick) with directions to them to pay one-third of the income thereof to the testator's brother, Charles H. Mason, and one-third of the income thereof to his sister, Cordelia H. Miller, of Kansas City, Missouri.

Upon the death of Charles H. Mason the trustees shall pay one-third of the income to the guardians of his children until each attain twenty-one years of age, at which time a proportionate share of the principal shall be paid to each child, the descendants of any deceased child to stand in the place of such deceased child; but if there be no such descendants of such deceased child then that share shall be divided equally among the surviving children of his brother, Charles H. Mason.

Upon the death of his sister, Cordelia Mason Miller, and his wife, Frances H. Mason, the trustees shall pay to William Mason Miller, of Kansas City, Missouri, "one-third part of the income from said trust property. * * * Said payments shall continue during the life of my said nephew or until such time in his life as he shall have a child, his lawful issue, who shall attain unto the age of three years, in which event the principal of one-third part of said property given, devised and bequeathed by this article Fourthly shall thereupon be paid over, delivered and conveyed by my said trustees to my said nephew, William Mason Miller." The remaining one-third part of the income of said trust property the trustees shall pay to his brother, Henry H. Mason, which payments shall continue during the life of his brother "or until such time in his life as he shall have a child, his lawful issue, who shall attain unto the age of three years, in which event the principal of one-third part of said trust property shall thereupon be paid over, delivered and con-

veyed,'' by the trustees to the testator's brother, Henry H. Mason.

In the event that either William Mason Miller, his nephew, or Henry H. Mason, his brother, ''shall die without leaving a child surviving'' then the trustees shall thereupon pay over one-third of his share to Edward Mason Wick (or to his children) one-third to Charles H. Mason and his children and one-third to William Mason Miller (if he survive the testator leaving no child), ''and upon the death of said Cordelia M. Miller and said William Mason Miller's having a child, his lawful issue, attaining the age of three years, then the principal thereof shall be paid, delivered and conveyed to my said nephew, William Mason Miller'' but if his brother, Henry H. Mason, be the survivor, then the income and principal shall be paid to him in like manner as if it were part of the property thereinbefore devised and bequeathed to him.

In the event of the death of his nephew, William Mason Miller, ''leaving an infant child or children him surviving'' the trustees shall continue to hold in trust the property in which he had given William Mason Miller an interest and pay the income to the guardians ''of said child or children of my said nephew, William Mason Miller'' in equal shares until each child attain twenty-one years of age; and then as each of said children arrive at that age the trustees shall pay over to each his or her principal; and in the event of the death of his brother, Henry H. Mason, ''leaving an infant child or children him surviving,'' trustees shall pay the income to the guardians ''of said child or children of my said brother, Henry H. Mason'' until each attain the age of twenty-one years when each child should thereupon be entitled to its share of the principal. In the event that both his nephew, William Mason Miller, and his brother, Henry H. Mason, ''shall die without having had a child,'' the trustees shall thereupon pay over, deliver and convey ''to my said nephew, Edward Mason Wick (or to his children in

equal shares, if my said nephew, Edward Mason Wick, shall die before the time of distribution arrives) one-half of the said shares'' of William Mason Miller and Henry H. Mason; the remaining one-half of the said shares to his brother, Charles H. Mason, and his children.

The testator, William A. Mason, made his will in Chicago on September 15, 1910, and died there on October 14, 1910. The complainant, William Mason Miller, is his nephew. The will was duly filed and admitted to probate in the probate court of Cook county, Illinois. In the will the complainant was designated ''my nephew, William Mason Miller, of Kansas City, Missouri.''

On January 16, 1911, Frances H. Mason, widow of the deceased, was duly appointed executrix and after qualifying acted as such until June 3, 1913. The estate of the said William A. Mason consisted of more than $260,000 worth of personal property. Frances H. Mason, the widow, died on April 5, 1920, and the Illinois Trust and Savings Bank became the executor of her last will and testament.

As the result of a decree in the circuit court of Cook county the Central Trust Company of Illinois is now trustee of the money and property belonging to the estate of William A. Mason, deceased.

On March 12, 1912, the complainant, William Mason Miller, and his wife took into their family and adopted one Elaine Martha Tuttle, who was then less than six months old, being born on November 18, 1911. They have kept her ever since as their child. On April 2, 1915, in compliance with the laws of the State of Missouri, they executed a deed of adoption which was duly recorded in the recorder's office, and by that deed the child was given the name of Virginia Miller. By an act of the legislature of the State of Missouri, approved April 10, 1917, the method of legally adopting children was changed and in accordance therewith the complainant and his wife, on November 3, 1917, by cer-

tain proceedings in the circuit court at Kansas City, Missouri, legally adopted said Elaine Martha Tuttle under the name of Virginia Miller.

At the time of the institution of the present proceedings Virginia Miller was nine years of age and was living with, and has continued to live with, the complainant and his wife as their child. No child was ever born to the complainant and his wife.

Cordelia M. Miller, the mother of the complainant, died before the death of Frances H. Mason, the widow of the deceased testator.

It is contended on behalf of the complainant, William Mason Miller, that upon the death of Frances H. Mason in 1920 he became entitled not merely to the income, concerning which no question is raised, but to the principal, on the ground that Virginia Miller, who was born in 1911, and who had been adopted by the complainant and his wife, was their child and their lawful issue and had attained the age of three years, all within the meaning of the words as used by the testator in his will.

The bill of complaint having been demurred to and the court having sustained the demurrer, the question that arises is one of law upon the face of the bill; that is, assuming the facts stated in the bill of complaint, is the complainant entitled as a matter of law to one-third of the principal on the ground that he has satisfied the conditions imposed by the testator that "he shall have a child, his lawful issue, who shall attain unto the age of three years."

The express provision, upon compliance with which one-third of the principal is to be paid over to the complainant, is, "he shall have a child, his lawful issue, who shall attain unto the age of three years."

An analysis of the will and a comparison of the words used in disposing of his estate and in making the various bequests does not seem to be of much import in determining the meaning of the particular words in question. Upon the death of Edward Mason

Wick, his nephew, it is provided that his share shall go "unto the child or children of my said nephew, Edward Mason Wick, his lawful issue him surviving, in equal shares." In giving a one-third to Charles H. Mason, his brother, the will provides that upon his death the income shall be paid to the guardians of Charles H. Mason's children until they shall attain the age of twenty-one years, and that then the principal of one-third shall go to the children or their descendants, and in case there are no descendants shall be divided among the survivors of the children of Charles H. Mason. In giving the one-third to his sister, Cordelia H. Miller, provision is made as has already been shown above. In giving to his brother, Henry H. Mason, the words of the provision are substantially the same as those used in the bequest to Cordelia H. Miller. It will be seen, therefore, that no especially consistent method of distribution, as far as the use of technical phraseology is concerned, is shown by the will. The gifts over in the case of Edward Mason Wick, the nephew, and in the case of the brother, Charles H. Mason, are accomplished by the use of different words from those used in conjunction with the bequest to the sister, Cordelia Mason Miller, and the brother, Henry H. Mason.

The first impression the words, "he shall have a child, his lawful issue, who shall attain unto the age of three years," make upon the mind is that any but a lawful child of his body, born in wedlock, is excluded. Those words imply three necessities: First, either begetting or possession or both; second, a lawful and not an illegitimate child (*Marsh v. Field,* 297 Ill. 251); and third, a child (either begotten or possessed by him, or both, who is his lawful child) who has attained to the age of three years. Considering the three elements together, each as qualifying the others, and yet, altogether as constituting a single description of eligibility, it is hard to resist the conclusion that the intention as expressed excludes the use of an adopted

child as evidence of compliance with the condition prescribed by the will. Of course, as the court said in the recent case of *Marsh v. Field, supra,* "the object sought in the construction of the will is to ascertain the intention of the testator." *Black v. Jones,* 264 Ill. 548; *Mills v. Teel,* 245 Ill. 483.

What the language of the will expresses is to be sought, and by the language of the will is meant, every part, every detail, every word, and, yet, altogether as one whole. *Heisen v. Ellis,* 247 Ill. 418.

Much stress is laid upon the application of the statute of adoption, the theory urged being that if by reason of that statute the adopted child is the equivalent of one born to the complainant and his wife then the terms of the will are complied with.

There is no doubt that for many purposes such children, adopted and by blood, are in law equal. But, bearing in mind the words of the present will, the statute of adoption does not seem to be applicable. In the first place the words of the will, in our judgment, mean only a child born in lawful wedlock, and, in the second place, the statute of adoption is not available for the purpose of allowing an adopting parent to comply with such a condition as the will prescribes. One may adopt a child and thus endow it with certain attributes which may be beneficial to the child, but it is not reasonable to allow one to adopt a child and then claim that he who adopts is thereby endowed with certain new attributes, in his relations to others, and that his condition is changed to his profit, and to his profit only.

By the adoption statute (Cahill's Ill. St. ch. 4, ¶ 5), a series of rights are given to the child when adopted and certain new obligations are created that bind the one who adopts. But, it does not follow that the legislature intended, in addition, to create new rights in the one adopting which should help him and him alone in his relations with others. It does not

seem reasonable to permit the complainant to avail himself of the adoption statute and, so, adopt a child —whether sincerely or as a subterfuge—and by so doing then claim that he has carried out the intention of the testator as prescribed by the will, which says that he shall not have the principal "until such time in his life as he shall have a child, his lawful issue, who shall attain unto the age of three years," etc. The court in *Schafer v. Eneu,* 54 Pa. St. 304, said: "One adopted has the rights of a child without being a child." Here, Virginia Miller has the rights of a child without being a child. And in that generic sense, not being a child, the complainant's claim, based upon her being his child, fails. *Cochran v. Cochran,* 43 Tex. Civ. App. 259.

In the view we take of it, therefore, the case of *Sewall v. Roberts,* 115 Mass. 262, and all kindred cases, many of which are cited, are inapplicable. In our judgment the words used clearly show that it was the intention of the testator that the complainant in order to take outright was bound to show that he had become the father of a child born to himself and his wife in wedlock, and that that child had attained to the age of three years. We are, therefore, of the opinion that the decree of the chancellor should be affirmed.

*Affirmed.*

THOMSON, P. J., and O'CONNOR, J., concur.