### FRANCES E. KING *vs.* HARRY F. R. DOLAN.

Norfolk.    March 4, 1926. — March 8, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court,* Jurisdiction. *Guardian. Minor. Illegitimacy.*

An illegitimate child is not included within the meaning of G. L. c. 191, § 20, giving a child omitted from the will of a parent the same share in the estate as if the parent had died intestate unless the facts there stated appear, and the interests of such child, therefore, cannot be adverse to those of the executor of a will of his mother which contained no mention of him, nor prevent a partner of the executor from being appointed as his guardian because of an alleged antagonism of interest.

The appointment of a guardian rests in the sound judgment of the probate judge, to be exercised with an eye single to the welfare of the ward; the desires of next of kin of the ward, though to be given weight, are not controlling.

PETITION, filed in the Probate Court for the county of Norfolk on November 19, 1925, by Frances E. King, "great-aunt and the nearest next-of-kin of" Lawrence Beckwith, a minor, praying that Fred H. Williams be appointed his guardian.

The petition was heard by *McCoole,* J., at the same time with a petition by Harry F. R. Dolan for his own appointment as such guardian. Material facts found by the judge are stated in the opinion. By order of the judge, decrees were entered dismissing the petition of Mr. Dolan and, on the petition of King, appointing Charles E. Houghton and Harry F. R. Dolan as guardians. The petitioner King appealed from the decree entered on her petition so far as it related to the appointment of Mr. Dolan.

*A. E. Seagrave,* for the petitioner.

*J. H. Morson,* for the respondent.

BY THE COURT. This is an appeal from a decree of the Probate Court appointing one Dolan one of two guardians of an illegitimate infant. One of the next of kin of the infant had petitioned for the appointment of another person and has appealed from the decree on the grounds that the appointment of Dolan was not requested and was opposed

by the next of kin and that he is a partner of the executor of the will of the mother of the infant and the interests of the guardian and such executor appear to be diverse because said infant was not mentioned in the will of his deceased mother.

There is no diversity of interest on the latter ground because an illegitimate child is not included within the meaning of G. L. c. 191, § 20, giving a child omitted from the will of a parent the same share in the estate as if the parent had died intestate unless the facts there stated appear. *Kent* v. *Barker*, 2 Gray, 535. *King* v. *Thissell*, 222 Mass. 140. The will of the mother having been allowed, it would be utterly unwarranted for a guardian of the infant to prosecute litigation under G. L. c. 190, § 5; c. 191, § 20.

The evidence is not reported. The findings of the judge, without reciting them, disclose careful consideration of all aspects of the interests of the infant in reaching his conclusion and fail to indicate any misuse of judicial discretion. The persons appointed as guardians appear to be disinterested and competent. The appointment of guardians rests in the sound judgment of the probate judge, to be exercised with an eye single to the welfare of the ward. *Woodworth* v. *Spring*, 4 Allen, 321. *Davis, petitioner*, 237 Mass. 47, 49. The desires of the next of kin are not controlling though of course to be given due weight.

*Decree affirmed.*