JOE BATTLE v. P. C. SHORE.

(Filed 25 September, 1929.)

**Descent and Distribution B b—Wife's illegitimate children take to exclusion of husband's illegitimate child upon a devise to their heirs.**

> A devise of lands by the testator to his wife for life and at her death to his and her heirs carries the title to the land upon the death of the wife to her illegitimate children as her heirs to the exclusion of his illegitimate child. C. S., 1654, Rule 9.

APPEAL by plaintiff from *Barnhill, J.,* at May Term, 1929, of EDGE-COMBE. Affirmed.

Action to enforce the specific performance of a contract to convey land. Defendant declined to accept the deed tendered by plaintiff, and to pay the purchase money for said land, on the ground that plaintiff was not the owner of the land which he had contracted to sell and convey to the defendant.

From judgment on the facts admitted in the pleadings, plaintiff appealed to the Supreme Court.

*J. P. Bunn for plaintiff.*
*Spruill & Spruill for defendant.*

CONNOR, J. The only question presented by this appeal is whether the plaintiff is the owner of the land which he has contracted to sell and convey to the plaintiff. The facts involved in this question are admitted in the pleadings. Upon these facts, it was adjudged that plaintiff is not entitled to a decree of specific performance.

Plaintiff claims title to the land under the will of Horace Battle, deceased, which has been duly probated and recorded. Horace Battle was the owner in fee and in possession of the land at the date of his death. By his will he devised the land to his wife, Harriet Battle "for the term of her natural life, and after her death to be equally divided between the heirs of Horace Battle and the heirs of Harriet Battle."

Horace Battle left surviving brothers and sisters, and one illegitimate son, Horace Battle, Jr.

Harriet Battle is dead. She left surviving brothers and sisters, and two illegitimate sons, James Battle and plaintiff, Joe Battle.

Both James Battle, illegitimate son of Harriet Battle, and Horace Battle, Jr., illegitimate son of Horace Battle, the testator, by deeds which have been duly recorded, have conveyed all their right, title and interest in and to the land, to the plaintiff, Joe Battle, who contends

that by virtue of said deeds and of the will of Horace Battle, Sr., he is now the owner of said land. This contention cannot be sustained.

Upon the death of Harriet Battle, her sons, James Battle and Joe Battle, although illegitimate, by virtue of the statute, became her heirs. C. S., 1654, Rule 9. *Wilson v. Wilson,* 189 N. C., 85, 126 S. E., 181. Under the will of Horace Battle, they therefore became the owners as tenants in common of an undivided one-half interest in said land. By the deed of James Battle, the plaintiff became and is now the owner of said undivided half interest.

Horace Battle, Jr., although the son of Horace Battle, the testator, was not his heir, for it is admitted that he is illegitimate. He did not, therefore, take any interest in the land under the will, or otherwise. The plaintiff, Joe Battle, acquired no right, title or interest in or to the land by virtue of the deed to him from Horace Battle, Jr. He is, therefore, not the owner of the one-half undivided interest in the land which was devised to the heirs of Horace Battle. As he is the owner of only the one-half undivided interest in the land, which was devised to the heirs of Harriet Battle, he is not entitled to a decree for the specific performance by the defendant of his contract to purchase and pay for the land. The judgment is

Affirmed.