W. I. PAUL, JAMES W. PAUL, E. R. H. PAUL, JAMES T. TARLTON, G. B. TARLTON, FRANCIS TARLTON, W. B. TARLTON, O. ANNA MEACHUM AND HER HUSBAND, C. B. MEACHUM; J. R. TEAL, N. J. BAILEY AND HER HUSBAND, H. BAILEY; ARLIE MELTON AND HER HUSBAND, G E O R G E MELTON; FLORENCE JONES AND HER HUSBAND, C. T. JONES; CORRINA KNOTTS AND HER HUSBAND, TOM KNOTTS; EARLE TEAL, CHARLES TEAL, DAISY STEWART, NELLIE KING, DORA McLEAN AND HER HUSBAND, ERNEST McLEAN; MARY B R O O K S, DAISY HENRY AND HER HUSBAND, ............... HENRY; JAMES T. TEAL, W. A. TEAL, MARTHA ELIZA TEAL, FRED TEAL, BESSIE McDUFFIE AND HER HUSBAND, T. L. McDUFFIE; ED TEAL, ANDREW TEAL, NANNIE HANNAH AND HER HUSBAND, BOSS HANNAH, v. HELEN WILLOUGHBY AND HER HUSBAND, STEVE WILLOUGHBY.

(Filed 3 May, 1933.)

**1. Wills E b—Illegitimate child is entitled to inherit property devised to its mother in fee defeasible upon mother dying without heirs.**

A devise to the testator's daughter "for her sole and separate use and benefit during the period of her natural life, and at her death to descend to the legal heirs of her body, if any, and if she should leave no legal

heirs of her body surviving her" then to the other children of the testator, is held to convey the defeasible fee to the testator's daughter, and where the daughter leaves her surviving an illegitimate child such child is her legal heir, N. C. Code, 1654, and is entitled to the property as against the other children of the testator claiming under the will, although the child was born prior to the execution of the will.

**2. Wills E a—**

Although the intent of the testator as gathered from the whole instrument is controlling in the interpretation of a will, where there is no ambiguity in the language of the will it must be given effect.

APPEAL by plaintiffs from *Oglesby, J.,* at September Term, 1932, of ANSON. Affirmed.

This was a civil action heard by his Honor, John M. Oglesby, judge presiding at a regular term of Anson County Superior Court, for the trial of civil causes begun and held on 12 September, 1932. The parties agreed that the case might be heard upon the record and the admissions of the parties, to wit: That the facts are set out in the pleadings and the further admission that Helen Willoughby, the *feme* defendant, was born prior to 28 September, 1882, said date being the date of the execution of the last will and testament of Isham Teal, which is attached to the complaint, and it was further admitted that the said Helen Willoughby was the illegitimate daughter of Eliza Jane Teal, daughter of Isham Teal, mentioned in the fourth paragraph of said will.

The court below rendered the following judgment: "This cause coming on to be heard before his Honor, John M. Oglesby, judge presiding, and the plaintiffs and defendants having agreed that the case might be heard upon the record, and the facts being admitted in the pleadings, and the cause having been heard, and the court being of the opinion that the plaintiffs are not entitled to recover; it is therefore upon motion of F. E. Thomas and John A. McRae, attorneys for the defendants, ordered and adjudged and it is hereby ordered and adjudged that the plaintiffs are not entitled to the lands and personal property described in the pleadings or any interest therein and that the defendant Helen Willoughby is the owner of the said lands described in the pleadings in fee simple and is also the owner of the personal property described in the pleadings and is entitled to the possession of said land and the personal property." From the judgment as signed, plaintiffs excepted, assigned error and appealed to the Supreme Court.

*Robinson, Pruette & Caudle and McLendon & Covington for plaintiffs.*
*F. E. Thomas, John A. McRae and Howard Arbuckle for defendants.*

CLARKSON, J. The only question raised in this appeal is whether the illegitimacy of the defendant, Helen Willoughby, the only child and heir

at law of Eliza Jane Teal, prevents her from taking the property in controversy. We think not.

The part of Isham Teal's will for us to construe, is as follows:

"It is further my will and desire, that at my death my wife, Sarah Teal and my daughter, Eliza Jane Teal, shall hold in common, all my real estate and all my personal property not necessary to the discharge of the debts and charges against my estate, during the natural life of my said wife, Sarah Teal, should she survive me.

It is further my will and desire that at the death of my wife, Sarah Teal, if she shall survive me and otherwise at my death, all my property including the tract of land on which I live, containing 225 acres, more or less, with all the improvements thereon and the appurtenances thereunto belonging, and all the residue of my personal property *shall descend to my daughter, Eliza Jane Teal, for her sole and separate use and benefit during the period of her natural life, and at her death to descend to the legal heirs of her body, if any, and if she should leave no legal heirs of her body surviving her,* then and in that case it is my will and desire that said property shall descend to my daughter, Sarah Paul, wife of George Paul, my daughter Lavinia Tarlton, wife of Davis L. Tarlton, my son Rowland Teal, and my son Isham Teal, to them and the legal heirs of their bodies, to each an equal portion.

I have already given to my son, Isham Teal, and to my daughter Lavinia Tarlton, wife of Davis L. Tarlton, and Sarah Paul, wife of George Paul and Rowland H. Teal, their respective portions which I wish them to have out of my estate—unless they shall inherit that portion hereby given to my daughter, Eliza Jane Teal, according to the foregoing provisions of this will."

We think in construing the will, it is a determinable or defeasible fee. In 2 Page on Wills (2d ed.), sec. 690, we find: "Like other estates a fee may be given defeasible upon conditions subsequent. Such an estate is a fee with all the incidents thereof, subject to be divested upon the happening of the condition subsequent. Such a condition does not cut a fee down to a life estate, even if the gift over is to the descendants of the first taker. Such an estate is often spoken of as a base, determinable, qualified or defeasible fee."

"Defeasible fee" or "determinable fee," is one which may continue forever, but is liable to be determined by some act or occurrence limiting its duration or extent. *West v. Murphy,* 197 N. C., 488, 149 S. E., 731, 732. A "determinable fee" is an interest which may continue forever, but the estate is liable to be determined without the aid of a conveyance, by some act or event, circumscribing its continuance or extent; it necessarily indicates that there must be some place where the fee simple will

become vested and the element of uncertainty will be terminated. *Burche v. Neal,* 149 S. E., 611, 612, 107 W. Va., 559.

The plaintiffs contend that "the only heirs at law and next of kin of the ulterior devisees named in the last will and testament of Isham Teal are the owners of the property devised therein upon a proper construction of his last will and testament." We cannot so hold.

It is conceded that Helen Willoughby, the *feme* defendant, was the illegitimate daughter of Eliza Jane Teal, daughter of Isham Teal, the devisor, and was born prior to 28 September, 1882, when Isham Teal made and published his last will and testament—the subject of this controversy.

The pertinent inquiry for us is this language in Isham Teal's will: "For her sole and separate use and benefit during the period of her natural life, and at her death to descend to the legal heirs of her body, if any, and if she should leave no legal heirs of her body surviving her." etc.

What is the meaning of "legal heirs of her body?" The term "heirs" and "heirs of the body" used in a will or deed, without other language changing or modifying their meaning, are to be given their technical sense to designate the persons who are related by blood to a decedent and who would take his real estate if he died intestate. *Lobe v. Goldheim,* 138 Atl., 5, 153 Md., 248.

In 2 Schouler on Wills, Executors and Administrators (6th ed.), sec. 990, at p. 1147, it is said: "Where the expression 'legal heirs' or 'lawful heirs' is used the meaning is the same as when the word 'heirs' is used alone, and where the expression is used 'heirs and legal representatives' they both mean the same thing. 'Right heirs at law' means only heirs by blood," citing *Slisser v. Slisser,* 235 Ill., 207, 85 N. E., 240; *Harrell v. Hagan,* 147 N. C., 111, 60 S. E., 909 (lawful does not mean "legitimate").

N. C. Code (Michie), chap. 29, sec. 1654, Rule 9: "Illegitimate children inherit from mother. Every legitimate child of the mother and the descendants of any such child deceased shall be considered an heir; *Provided, however,* that where the mother leaves legitimate and illegitimate children such illegitimate child or children shall not be capable of inheriting of such mother any land or interest therein which was conveyed or devised to such mother by the father of the legitimate child or children; but such illegitimate child or descendant shall not be allowed to claim, as representing such mother, any part of the estate of her kindred, either lineal or collateral." This rule provides only for descendants from a mother who leaves surviving an illegitimate child or descendants of such child. Such a child is an heir of the mother, without regard to whether she leaves or does not leave a legitimate child. *Wilson v. Wilson,* 189 N. C., 85, 126 S. E., 181.

In *Battle v. Shore,* 197 N. C., 449, 450, it is said: "Upon the death of Harriet Battle, her sons, James Battle and Joe Battle, although illegitimate, by virtue of the statute, became her heirs. C. S., 1654, Rule 9. *Wilson v. Wilson,* 189 N. C., 85, 126 S. E., 181. Under the will of Horace Battle, they therefore became the owners as tenants in common of an undivided one-half interest in said land."

It is well settled, as said in *Ellington v. Trust Co.,* 196 N. C., at p. 755: "The guiding star in the interpretation of wills, to which all rules must bend, unless contrary to some rule of law or public policy, is the intent of the testator, and this is to be ascertained from the four corners of the will, considering for the purpose the will and any codicil or codicils as constituting but one instrument. 28 R. C. L., 211, *et seq.*"

There is no ambiguity in the language of the present will. The language is clear "legal heirs of her body." We must take the language as written. Testator could have used other language in making his will, but this he did not do. If seeming hardship and injustice is done, to plaintiffs, this is testator's fault in the preparation of his will. We cannot make a will, we must construe it as written by the testator. The judgment of the court below is

Affirmed.