*Decisions will be entered under Rule 50.*

CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, MARSHALL FIELD AND GEORGE RICHARDSON, AS TRUSTEES UNDER THE WILL OF MARSHALL FIELD, DECEASED, TWO-FIFTHS NON-CUMULATIVE TRUST FUND, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83341. Promulgated June 6, 1939.

26

*William B. McIlvaine, Esq.,* and *J. Francis Dammann, Esq.,* for the petitioners.

*D. A. Taylor, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined deficiencies in the fiduciary income tax of petitioner of $21,059.90 for 1930, $21,250 for 1931, and $8,851.38 for 1932. He disallowed a deduction taken each year by the fiduciary of amounts distributed to a beneficiary, holding that the distribution was not to be regarded as a distribution of income. The facts are all stipulated, and a state court decree and the petitioners' returns were also received in evidence. It is not necessary to make findings of fact.

Marshall Field died testate, January 16, 1906. In his will he left the residue of his estate to two grandsons and their issue. Henry Field, one of the grandsons, died July 8, 1917, leaving a widow, Nancy, who later married Tree. She claimed dower in Henry's share under the will and insisted upon it throughout litigation which was carried on to get a judicial construction of the will, so it was essential that her rights be fixed in the litigation. The state court recognized her right to dower in the real estate, which was not opposed, and on July 13, 1920, decreed that "the amount payable to said Nancy Perkins Field for her said dower shall be paid by the said Trustees wholly out of the income of Henry Field's share (or two-fifths) of the said residuary estate." An agreement previously made by Nancy Field Tree and Marshall Field and dated July 14, 1920, provided for an annual payment of $75,000, but not in satisfaction of dower. Later a decree of February 26, 1921, provided that the payments to Nancy Perkins Field for dower "shall be paid wholly out of the net income of the properties", etc. The earlier decree was affirmed on April 21, 1921, by the Illinois Supreme Court, 297 Ill. 301, and 297 Ill. 251. Then on May 24, 1921, the trustees were given notice of an agreement between Marshall Field and Nancy Field Tree that she should be paid $85,000 a year "in full satisfaction of all her claims and right of dower." This amount was annually paid to her out of the income of the two-fifths non-cumulative trust fund.

The trustees deducted this $85,000 on their fiduciary return for each of the years in question, and the Commissioner disallowed the deduction.

The question involves section 162 (b), Revenue Act of 1928 and Revenue Act of 1932. Is the $85,000 an amount of the income of the trust which is to be distributed currently by the fiduciary to a beneficiary? If so, the fiduciary may deduct it and it shall be included in the taxable net income of the beneficiary. The answer is authori-

tatively found in the state court's decree, which expressly directs that Nancy Field Tree shall be paid out of the income of the trust, *Blair* v. *Commissioner*, 300 U. S. 5. There is no qualification of this. Whether the amount be regarded as dower or in lieu of dower seems to us to be beside the point of the revenue act. The trustees are bound by the decree to pay Nancy Field Tree only out of trust income, and if that income should not be sufficient there is no duty to pay her from corpus. The amount was not payable to her at all events, *Helvering* v. *Butterworth*, 290 U. S. 365. We need not consider whether Marshall Field would, in view of his agreement, have acquiesced in a payment from corpus if the trustees had attempted to make one beyond the court's decree, for his acquiescence would not enlarge their powers or affect the character of the distributions made under the decree. The decree enforcing the original will was the source of authority upon which the trustees acted and not the voluntary agreement of two of the beneficiaries.

We hold, therefore, that the amount of $85,000 was deductible by the fiduciary, and reverse the Commissioner's determination.

*Decision will be entered under Rule 50.*