JAMES BROWN, WILLIAM HENRY BROWN, DORA LEE HOLLAND,
    DAISY ANN HOLLAND, AND GEORGE H. C. HOLLAND, PETITIONERS,
    v. JAMES A. HOLLAND, JOE HOLLAND, MARTHA BROWN AND
    HENRIETTA BROWN, RESPONDENTS.

(Filed 25 March, 1942.)

**Wills § 34c—**

> The will in question devised the *locus in quo* to testator's children for
> life with remainder to their lawful issue. *Held:* An illegitimate son of
> one of testator's daughters takes no interest in the land. The distinction
> between the use of the word "issue" and the word "heir" in such instances
> is pointed out.

APPEAL by petitioners from *Hamilton, Special Judge,* at November
Term, 1941, of CRAVEN.

This is a special proceeding for the partition of lands devised in the
last will and testament of John R. Holland, late of Craven County,
N. C., and involves the interpretation of Item 7 in said will. At the
hearing below, the petitioners and the respondents agreed that the case
might be heard upon the complaint and the answer and the following
agreed statement of facts:

"1. That the late John R. Holland, of Craven County, died on the
— day of September, 1911, leaving a last will and testament, seized and
in possession of a certain tract or parcel of land situate in No. 6 Town-
ship, Craven County, and containing by estimation 247 acres and de-
scribed by metes and bounds in a deed from Edward M. Piver and wife
to said John R. Holland, which deed is dated January 24, 1877, and
recorded in Book 77 at page 574, Office of the Register of Deeds for
Craven County.

"2. That under the said will, which will was admitted to probate on
the 25th day of September, 1911, and recorded in Book of Wills H, at
page 140, Item 7 reads as follows: 'I give and devise unto my children,
Mary Eliza Holland, James Abram Holland, Georgianna Priscilla Hol-
land, George Henry Clay Holland, David W. Holland, the lands de-
scribed in the deed from Edward H. Piver and wife to John R. Hol-
land, being dated January 24, 1877, and recorded in Book 77 at page
574, etc., to have and to hold in equal shares, for and during the term of
their natural lives. In the event that any or all of the devisees above
named die leaving lawful issue, I hereby give and devise their respective
share to such issue in fee simple. In case any or all of said devisees die
without lawful issue, I hereby give and devise their respective shares
to the devisees herein named, then surviving in equal proportion in fee
simple.'

"3. That David W. Holland died without leaving issue; that Mary Eliza Holland died, unmarried, leaving surviving her an illegitimate son, the defendant, Joe Holland; that Georgianna Priscilla Holland married one James Brown, and both she and her husband are now deceased and are survived by the plaintiffs, James Brown and William Brown and the defendants Henrietta Brown and Martha Brown; that there survives of the children of said John R. Holland only James A. Holland and the plaintiff, George H. C. Holland; that James A. Holland is unmarried and 48 years of age. That the said Joe Holland, the illegitimate child of Mary Eliza Holland, is 38 years of age at the time of the institution of this action."

Upon the foregoing statement of facts his Honor found that Joe Holland is the lawful issue of his mother, Mary Eliza Holland, and is entitled to the same interest in said lands as if he had been a· legitimate child of the said Mary Eliza Holland, and that the interest of said Joe Holland in said lands is a one-fourth interest. Judgment was entered accordingly. To the conclusions of law and the signing of the judgment the petitioners excepted and appealed to the Supreme Court.

*H. P. Whitehurst* for plaintiffs.
*C. R. Wheatley* for defendants.

DENNY, J. Mary Eliza Holland held a life estate only in the lands described in the will of her father. If she died leaving lawful issue, such issue took that portion of the lands held by her for life, under the terms of the will, in fee simple. Does the term "issue" or "lawful issue" embrace an illegitimate child? The decisions of this Court do not so hold.

Black's Law Dictionary gives the construction of the word "issue" as follows: "The word 'issue' in a will is generally a word of limitation," citing *Ford v. McBrayer,* 171 N. C., 420, 88 S. E., 736, and other cases. "The word is commonly held to include only legitimate issue. *Page v. Roddie,* 92 Okla., 236, 218 Pac., 1092; *King v. Thissell,* 222 Mass., 140, 109 N. E., 880; *Hardesty v. Mitchell,* 302 Ill., 369, 134 N. E., 745, 24 A. L. R., 565; *Love v. Love,* 179 N. C., 115, 101 S. E., 562."

In the case of *Hardesty v. Mitchell, supra,* the Court said: "The words 'child or children,' when used in a statute, will or deed, mean legitimate child or children, and will never be extended, by implication, to embrace illegitimate children, unless such construction is necessary to carry into effect the manifest purpose of the legislature, testator or grantor (citing authorities). The term 'issue' is also restricted to legitimate issue, unless there is an express declaration to the contrary, or a necessary implication that illegitimate issue were intended to be included. *Marsh v. Field,* 297 Ill., 251, 130 N. E., 753."

The respondents rely on C. S., sec. 1654, and the cases of *Paul v. Willoughby,* 204 N. C., 595, 169 S. E., 226, and *Battle v. Shore,* 197 N. C., 449, 149 S. E., 590.

In *Paul v. Willoughby, supra,* the Court did not pass upon the term "issue" or "lawful issue," but construed the meaning of the terms "legal heirs of the body," "legal heirs" and "lawful heirs," and held these latter terms included an illegitimate child of the daughter of the devisor. In the case of *Battle v. Shore, supra,* Horace Battle and Harriet Battle were husband and wife. The land was devised by the husband to his wife for life and after her death to be equally divided between the heirs of Horace Battle, the devisor, and the heirs of Harriet Battle, the devisee. The devisor died leaving an illegitimate son, the devisee died leaving two illegitimate sons. Under the provisions of C. S., 1654, the sons of Harriet Battle took title to the land to the exclusion of the illegitimate son of Horace Battle.

The defendant Joe Holland, the illegitimate child of Mary Eliza Holland, under the provisions of C. S., 1654, is eligible to inherit from his mother, but he cannot take as the lawful issue of his mother under the terms of the will of his grandfather. Upon the death of Mary Eliza Holland she left no estate or interest in the devised lands which her illegitimate son could inherit from her. *Love v. Love, supra; Faison v. Odom,* 144 N. C., 107, 56 S. E., 793; *Whitfield v. Garris,* 134 N. C., 24, 42 S. E., 568; *Fairly v. Priest,* 56 N. C., 383.

The judgment of the court below is

Reversed.