CONSTANCE HANSON *vs.* ESTHER MARKHAM & others.

Middlesex.    October 6, 1976. — November 1, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Devise and Legacy,* Illegitimate child.    *Constitutional Law,* Equal protection of laws.    *Illegitimacy.*

General Laws c. 191, § 20, as interpreted not to apply to illegitimate children, did not deny an illegitimate child equal protection of the laws. [264-265]

CIVIL ACTION commenced in the Probate Court for the county of Middlesex on July 3, 1974.

---

The case was heard by *Martin, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Allan G. Zelman* for the plaintiff.

*Francis E. Jenney* for the defendants.

BRAUCHER, J.   The plaintiff, as illegitimate daughter of a decedent, claims the same share in his estate to which a legitimate child omitted from his will would be entitled under G. L. c. 191, § 20. She recognizes that the statute has been interpreted not to apply to illegitimate children. *King* v. *Dolan,* 255 Mass. 236, 237 (1926). But she argues that the statute denies her equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States and art. 1 of the Declaration of Rights of the Massachusetts Constitution. We reject her argument, and affirm a summary judgment for the defendants. *Labine* v. *Vincent,* 401 U.S. 532 (1971). Cf. *Boston Safe Deposit & Trust Co.* v. *Fleming,* 361 Mass. 172, 179 n.7, appeal dismissed for want of substantial Federal question, 409 U.S. 813 (1972).

The following facts appear from the pleadings and the uncontradicted allegations of the parties' affidavits. The decedent married his first wife in 1923, and remained married to her until her death in 1939. The plaintiff was born May 29, 1936, and her birth certificate stated that she was not legitimate and named the decedent as her father. In January, 1936, her mother filed a complaint in a Michigan court accusing the decedent of being the father, and in June, 1936, on his plea of guilty, the decedent was ordered to pay $3 a week for care of the child and was placed on probation. The decedent died in 1973, leaving a will dated in 1967. He named his second wife as executrix and trustee and as devisee and legatee; his daughter and two other defendants were also legatees. The executrix filed a petition for allowance of the will without naming the plaintiff as an heir at law, and the will was allowed and the executrix qualified.

The plaintiff's complaint alleged that she was the daughter of the decedent and that the omission of her name was unintentional and occasioned by accident and mistake. There was no allegation that she was the legitimate issue of the decedent, or that he had acknowledged her as his child or had been adjudicated her father under G. L. c. 273. The judge ruled that an illegitimate child is not the lawful heir of her father in these circumstances and granted the defendants' motion for summary judgment. The plaintiff appealed to the Appeals Court, and we transferred the case here on our own motion.

The omitted child statute was interpreted long ago as having no application to illegitimate children not legitimated pursuant to G. L. c. 190, § 7. *Kent* v. *Barker,* 2 Gray 535, 536-538 (1854). That interpretation has since been adhered to. *King* v. *Thissell,* 222 Mass. 140, 141 (1915). *King* v. *Dolan,* 255 Mass. 236, 237 (1926). See *Plymouth* v. *Hey,* 285 Mass. 357, 359-360 (1934); *Fiduciary Trust Co.* v. *Mishou,* 321 Mass. 615, 635 (1947). There is no contention that it is now open to us to revise it. The sole question is whether the statute, so interpreted, is constitutional.

The plaintiff relies on decisions of the Supreme Court of the United States under which "a State may not invidiously discriminate against illegitimate children by denying them substantial benefits accorded children generally." *Gomez* v. *Perez,* 409 U.S. 535, 538 (1973) (right to support by father). *New Jersey Welfare Rights Organization* v. *Cahill,* 411 U.S. 619 (1973) (family assistance). *Weber* v. *Aetna Cas. & Sur. Co.,* 406 U.S. 164 (1972) (workmen's compensation). *Glona* v. *American Guar. & Liab. Ins. Co.,* 391 U.S. 73 (1968) (same). *Levy* v. *Louisiana,* 391 U.S. 68 (1968) (action for wrongful death). Cf. *Jimenez* v. *Weinberger,* 417 U.S. 628 (1974) (Federal disability benefits). But cf. *Mathews* v. *Lucas,* 427 U.S. 495 (1976) (Federal survivor benefits). She also relies heavily on the dissenting opinion in *Labine* v. *Vincent,* 401 U.S. 532, 541 (1971) (Brennan, J., dissenting) (intestate succession).

We find two flaws in the plaintiff's argument. First, as

we said in *Boston Safe Deposit & Trust Co.* v. *Fleming*, 361 Mass. 172, 179 n.7 (1972), where it was contended that the *Levy* and *Glona* cases barred discrimination against adopted children, "We think these decisions have no application to the interpretation of a will and the legal effect of words used. Cf. Developments in the Law — Equal Protection, 82 Harv. L. Rev. 1065, 1069-1072 [1969]." The statute here under attack forbids nothing and compels nothing; it merely provides a framework within which private testamentary decisions may be freely made. There would be nothing invidious in a legislative judgment that omission of a legitimate child from a will is an indication of possible mistake but that omission of an illegitimate child is not. The Supreme Court of the United States dismissed an appeal in the *Fleming* case for want of a substantial Federal question. 409 U.S. 813 (1972).

Second, even if the statute were made applicable to the plaintiff, its effect would be that she would "take the same share of" the decedent's estate which she "would have taken if he had died intestate." G. L. c. 191, § 20, as amended by St. 1969, c. 479, § 2. Under G. L. c. 190, § 5, an illegitimate child inherits from her mother but not from her father. *Rodrigues* v. *Rodrigues*, 286 Mass. 77, 83 (1934). See *Vallin* v. *Bondesson*, 346 Mass. 748, 750-753 (1964). The constitutionality of such a rule of inheritance was upheld in *Labine* v. *Vincent*, 401 U.S. 532 (1971), and that decision was reaffirmed recently in *Mathews* v. *Lucas*, 427 U.S. 495, 515 n.18 (1976).

*Judgment affirmed.*